UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MARCO TRUJILLO,                                                    Docket No.: 14 cv 8501 (PGG)

Plaintiff,

-against-                                                          **COMPLAINT AND
JURY DEMAND**

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT
CAPTAIN DEODAT URPRASAD, NEW YORK CITY POLICE
DEPARTMENT DEPUTY INSPECTOR JOHN D'ADAMO, NEW
YORK CITY POLICE DEPARTMENT CHIEF THOMAS PURTELL,
NEW YORK CITY POLICE DEPARTMENT INSPECTOR JOHN
DANBERRY, NEW YORK CITY POLICE DEPARTMENT SERGEANT
JOHN RAJAN, NEW YORK CITY POLICE DEPARTMENT LIEUTENANT
ARIOLA, NEW YORK CITY POLICE DEPARTMENT CAPTAIN NICOLE
PAPAMICHAEL, NEW YORK CITY POLICE DEPARTMENT
DEPUTY CHIEF MCNAMARA, NEW YORK CITY POLICE DEPARTMENT
SERGEANT GEORGE EBRAHIM, NEW YORK CITY POLICE
DEPARTMENT INSPECTOR PAUL PIEKARSKI, NEW YORK
CITY POLICE DEPARTMENT CAPTAIN THOMAS TRAYNOR, NEW YORK
CITY POLICE DEPARTMENT LIEUTENANT FRANK BASENDELLO,
NEW YORK CITY POLICE DEPARTMENT LIEUTENANT JESUS ROMERO,
NEW YORK CITY POLICE DEPARTMENT SERGEANT BENEVOLENT
ASSOCIATION'S MANHATTAN NORTH DELEGATE SERGEANT CLIFF
THIELEKE and "JOHN DOES" and "JANE DOES", names being fictitious
intended to be officers/representatives/agents/servants of the New York City Police
Department, individually and in their official capacities,

Defendants.
------------------------------------------------------------------------X

Plaintiff MARCO TRUJILLO, (hereinafter "Plaintiff"), by and through his attorneys,
DRUMMOND & SQUILLACE, PLLC, states upon information and belief as follows:

## INTRODUCTION

1.     This is an action seeking compensation and damages pursuant to 42 U.S.C. §§
1981, 1981(a), 1983, 1986 ,1988, 2000, 2000(e), 2000(e)(3), 2000(e)-2a(I), New York
Executive Law Art. 15 (NY Human Rights Law) New York State Human Rights Law Sections
290-297, the Administrative Code of the City of New York, Title VII of the Civil Rights Act of

1

1964, as amended by the Civil Rights Act of 1991, the Eighth Amendments to the United States Constitution, and, the Constitution and the laws of the State of New York as well as for claims of tortuous acts, conduct and deliberate indifference of the above named Defendants, their agents, servants, employees, licensees, contractors, subcontractors, police officers, officers, employees and/or other affiliates agencies and departments in that they intentionally, maliciously, recklessly and with deliberate indifference to human life, each acting in concert with the other and each acting under the color of the law, violated Plaintiff's rights herein by wrongful and unlawful conduct including, but not limited to: unlawful use of excessive force, negligent hiring, negligent retention, negligent training, assault, battery, official misconduct, harassment, defamation, slander, libel, false/malicious prosecution in departmental hearings/trial, abuse of authority, abuse of power, abuse of trust, abuse of position, constructive termination, deviation and/or gross deviation from proper procedures, malice, recklessness, carelessness, negligence, negligent retention, negligent supervision, failure to intercede/stop/prevent, negligent/failure to discipline, intentional and/or negligent infliction of emotional distress, violation of civil rights, intentional and/or negligent infliction of cruel and unusual punishment, gross negligence, official misconduct, failure to/negligent monitoring of employees/police officers, failure to/negligent monitoring of employees/police officers with dangerous and/or violent propensities, causing, fostering, creating and/or allowing for dangerous/violent employees/police officers to harm citizens, including Plaintiff herein, and/or deprive citizens including Plaintiff herein of their safety, liberty, civil rights and their right to be free from false prosecution, use of excessive force, assault, battery, abuse of position/employment, title, rank and shield, constructive termination, *respondeat superior* and/or punitive damages committed against and sustained/suffered by Plaintiff MARCO TRUJILLO as a direct and proximate result of the

Defendants' acts, conduct, omissions, negligence, intentional acts/omissions, recklessness, gross negligence, deliberate indifference in violation of Plaintiff's Federal and State rights herein.

## JURISDICTION

2.     This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1343, federal question jurisdiction.  This action is brought pursuant to 42 U.S.C. Sections 1983, 1986 and 1988, the Eighth Amendment to the United States Constitution, and, the Constitution and the laws of the State of New York.  Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 and 2202.  Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendent state law claims pursuant to 28 U.S.C. Section 1367.

3.     Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §1391, 1391 (b).

## EXHAUSTION OF CIVIL ADMINISTRATIVE PROCEDURES

4.     Plaintiff timely filed his complaint with the Equal Employment Opportunity Commission (EEOC) -a charge of discrimination against Defendants based upon his race, national origin, color, ethnicity, retaliation, disparate treatment, hostile work environment, breach of contract and constructive termination against the Defendants.  Plaintiff received a Notice of the Right to Sue from the EEOC and commenced the within action within 90 days of the receipt of his right to sue letter from the EEOC.  (Annexed hereto and made a part hereof as Exhibit "A" are copies of Plaintiff's EEOC Charge and Notice of Right to Sue Letter).

## NOTICE OF CLAIM

5.     Plaintiff, in furtherance of his causes of action, timely filed a Notice of Claim against the City of New York in compliance with General Municipal Law Section 50 in response

3

to which the City of New York conducted a hearing pursuant to General Municipal Law Section 50H. (Annexed hereto as Exhibit "B" is a copy of same Notice of Claim).

6.    More than 30 days have elapsed since service of said Notice of Claim and the conducting of Plaintiff's 50H hearing and, to date, the City of New York has failed to pay or adjust the Plaintiffs claim.

7.    This action has been commenced within one year and ninety days after the happening of the continuing unlawful events upon which these claims arise.

## PARTIES

8.    Plaintiff, MARCO TRUJILLO is a lawful resident of the United States and the State of New York.

9.    That at all times herein mentioned, Defendant THE CITY OF NEW YORK was and is a municipal corporation existing by and under the laws of the State of New York.

10.    That at all times herein mentioned, Defendant THE CITY OF NEW YORK was and is a governmental subdivision of the State of New York.

11.    That at all times herein mentioned, Defendant THE CITY OF NEW YORK is the public employer of Defendants New York City Police Department Officers CAPTAIN DEODAT URPRASAD, DEPUTY INSPECTOR JOHN D'ADAMO, CHIEF THOMAS PURTELL, INSPECTOR JOHN DANBERRY, SERGEANT JOHN RAJAN, LIEUTENANT ARIOLA, CAPTAIN NICOLE PAPAMICHAEL, DEPUTY CHIEF MCNAMARA, SERGEANT GEORGE EBRAHIM, INSPECTOR PAUL PIEKARSKI, CAPTAIN THOMAS TRAYNOR, LIEUTENANT FRANK BASENDELLO, .LIEUTENANT JESUS ROMERO, and SERGEANT CLIFF THIELEKE and "JOHN DOES", names being fictitious intended to be New

4

York City Police Officers, individually and in their official capacities as New York City Police Officers.

12.    That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT is an agency of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

13.    That at all times herein mentioned, Defendants New York City Police Department Officers CAPTAIN DEODAT URPRASAD, DEPUTY INSPECTOR JOHN D'ADAMO, CHIEF THOMAS PURTELL, INSPECTOR JOHN DANBERRY, SERGEANT JOHN RAJAN, LIEUTENANT ARIOLA, CAPTAIN NICOLE PAPAMICHAEL, DEPUTY CHIEF MCNAMARA, SERGEANT GEORGE EBRAHIM, INSPECTOR PAUL PIEKARSKI, CAPTAIN THOMAS TRAYNOR, LIEUTENANT FRANK BASENDELLO, .LIEUTENANT JESUS ROMERO, and SERGEANT CLIFF THIELEKE and "JOHN DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police Officers are agents, employees, licensees, servants, police officers, officers of the Defendants the City of New York and the New York City Police Department.

14.    Defendants New York City Police Department Officers CAPTAIN DEODAT URPRASAD, DEPUTY INSPECTOR JOHN D'ADAMO, CHIEF THOMAS PURTELL, INSPECTOR JOHN DANBERRY, SERGEANT JOHN RAJAN, LIEUTENANT ARIOLA, CAPTAIN NICOLE PAPAMICHAEL, DEPUTY CHIEF MCNAMARA, SERGEANT GEORGE EBRAHIM, INSPECTOR PAUL PIEKARSKI, CAPTAIN THOMAS TRAYNOR, LIEUTENANT FRANK BASENDELLO, .LIEUTENANT JESUS ROMERO, and SERGEANT CLIFF THIELEKE and "JOHN DOES", names being fictitious intended to be New York City

Police Officers, individually and in their official capacities as New York City Police Officers, each individually and in his/her respective official capacity, and as employees/agents of the Defendants the City of New York and New York City Police Department, and as Defendants' duly sworn police officers, agents, servants, employees of the City of New York and/or New York City Police Department, at all times herein mentioned, are agents, servants and/or employees of the Defendants the City of New York and the New York City Police Department and were acting in their respective individual capacity and/or in their respective official capacities as agents, servants and/or employees in their respective official capacity with all the actual and/or perceived/apparent authority granted, allotted, entrusted to them by the City of New York and/or New York City Police Department in accordance with their official duties, positions, ranks and titles as New York City Police Officers.

15.    In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named Defendants herein in the following subparagraphs are sued in his/her individual and official capacity; acted under color of law and within the scope of his/her employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York:

a. Defendants New York City Police Department Officers CAPTAIN DEODAT URPRASAD, DEPUTY INSPECTOR JOHN D'ADAMO, CHIEF THOMAS PURTELL, INSPECTOR JOHN DANBERRY, SERGEANT JOHN RAJAN, LIEUTENANT ARIOLA, CAPTAIN NICOLE PAPAMICHAEL, DEPUTY CHIEF MCNAMARA, SERGEANT GEORGE EBRAHIM, INSPECTOR PAUL PIEKARSKI, CAPTAIN THOMAS TRAYNOR, LIEUTENANT FRANK BASENDELLO, .LIEUTENANT JESUS ROMERO, and SERGEANT CLIFF

THIELEKE and "JOHN DOES", names being fictitious intended to be New York City Police Officers, were, at all relevant times, Police Officers with/of the New York City Police Department.

16.     That at all times herein mentioned, Defendant the City of New York, owned, managed, controlled, maintained, employed and/or supervised the Defendants the New York City Police Department and New York City Police Department Officers CAPTAIN DEODAT URPRASAD, DEPUTY INSPECTOR JOHN D'ADAMO, CHIEF THOMAS PURTELL, INSPECTOR JOHN DANBERRY, SERGEANT JOHN RAJAN, LIEUTENANT ARIOLA, CAPTAIN NICOLE PAPAMICHAEL, DEPUTY CHIEF MCNAMARA, SERGEANT GEORGE EBRAHIM, INSPECTOR PAUL PIEKARSKI, CAPTAIN THOMAS TRAYNOR, LIEUTENANT FRANK BASENDELLO, .LIEUTENANT JESUS ROMERO, and SERGEANT CLIFF THIELEKE and "JOHN DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police Officers.

17.     Defendants New York City Police Department Officers CAPTAIN DEODAT URPRASAD, DEPUTY INSPECTOR JOHN D'ADAMO, CHIEF THOMAS PURTELL, INSPECTOR JOHN DANBERRY, SERGEANT JOHN RAJAN, LIEUTENANT ARIOLA, CAPTAIN NICOLE PAPAMICHAEL, DEPUTY CHIEF MCNAMARA, SERGEANT GEORGE EBRAHIM, INSPECTOR PAUL PIEKARSKI, CAPTAIN THOMAS TRAYNOR, LIEUTENANT FRANK BASENDELLO, .LIEUTENANT JESUS ROMERO, and SERGEANT CLIFF THIELEKE and "JOHN DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police Officers, are agents, servants, licensees, police officers, officers and/or employees of Defendants who, at all

times herein mentioned, acted in their individual capacities and/or acted within the scope of their employment and under the color of law.

18.    Defendants and "JOHN DOES" and "JANE DOES", names being fictitious intended to be officers/representatives/agents/servants of Defendants the City of New York, the New York City Police Department and/or New York City Police Department Advocates' Office individually and in their official capacity and/or as agents, servants, employees in their respective official capacity with all the actual and/or perceived/apparent authority granted, allotted, entrusted to them by the City of New York and/or New York City Police Department in according with their official duties and titles.

## FACTUAL AND GENERAL ALLEGATIONS

19.    This is an action against Defendants to redress a pattern and practice of wrongful and unlawful conduct including, but not limited to: unlawful disparate treatment, unlawful discrimination based upon race, ethnicity and/or national origin, unlawful hostile work environment, unlawful retaliation and/or unlawful constructive termination/forced resignation/retirement as well as related pendent state claims including, but not limited to, assault, battery, false imprisonment and related claims in violation of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 1983, 1981, 1981(a), 2000, 2000(e), 2000(e)(3), 2000(e)-2(a)(I), New York Executive Law Art. 15 (NY Human Rights Law) New York State Human Rights Law Sections 290-297, the Administrative Code of the City of New York, the Constitution of the State of New York and the laws and the Constitution of the United States of America, denial of  Plaintiff's State and Federal Constitutional Right to Equal Protection of the Law in violation of the 14th Amendment to the Constitution of the United States of America, denial of Plaintiff's right to be free from excessive

8

force and/or free from cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution and loss of employment/salary/wages/title/position/job/rank and related income and benefits therefrom.

20.    Prior to his constructive termination/forced resignation due to the unlawful conduct of the Defendants herein, Plaintiff Marco Trujillo was a Sergeant with the New York City Police Department and served in said NYPD for over twenty-two (22) years. He is a male Hispanic and is of Spanish/Hispanic/Latino ethnicity/race/national origin and of Dominican descent.

21.    That from 2008 continuing to and through April 2010, Plaintiff was assigned to the Intelligence Division. Defendants then, in unlawful discrimination, hostile work environment and unlawful retaliation against Plaintiff, transferred him from the Intelligence Division after Defendants, and in particular, Defendant Inspector John Danberry (Caucasian/white male), falsely accused him of failing to follow search warrant protocols when Defendants knew that same allegation was without legal merit.

22.    Defendant Danberry then falsely charged Plaintiff with transporting a prisoner in an unauthorized police vehicle for which Plaintiff received Charges and Specifications by/with Defendants. Plaintiff was found 'NOT GUILTY' by the Trial Commissioner as the Trial Commissioner correctly determined that the vehicle in question was assigned to Plaintiff by the federal government in conjunction with and connection to the nature of his assignment.

23.    After being found 'Not Guilty', Defendants transferred Plaintiff out of the Intelligence Division to the 13th Precinct and, despite being found "Not Guilty" of said charges, said charges remained on Plaintiff's NYPD departmental records by Defendants.

24.    That Plaintiff was told/advised by NYPD Lieutenant Miller that Plaintiff was transferred out of the Intelligence Division because Defendant Danberry hated Plaintiff – explicit retaliation by Defendant Danberry against Plaintiff herein.

25.    That Plaintiff's retaliatory transfer to the 13th Precinct was a demotion for Plaintiff given Plaintiff's seniority and activity numbers whereby, in transferring Claamant to said 13th Precinct, Plaintiff was further forced to work day tours (instead of nights) which had a direct and proximate reduction in/of Plaintiff's income salary by approximately more than ten (10) percent as retaliation and punishment against Plaintiff.

26.    That Plaintiff was forced/compelled to suffer and sustain this economic loss in salary/income for approximately nine (9) months – the longest day tour assigned to any officer in that squad when there were officers there for seven years who never worked a day tour for nine (9) months.

27.    That from on or about April 2010 through on or about June 2012, Plaintiff was assigned as one of the patrol supervisors for which he worked several different assignments.

28.    That on or about December 2011, Defendant Deputy Inspector John D'Adamo (Caucasian/White male) attempted to coerce/force Plaintiff to 'voluntarily' transfer into Patrol Borough Manhattan South Anti-Crime Unit which Plaintiff refused.

29.    That on or about June 2012, Defendants, and in particular, Defendant Chief Thomas Purtell (Caucasian/White male), transferred Plaintiff (involuntary transfer) from the 13th Precinct to the Patrol Borough Manhattan South Anti-Crime Unit as Defendant Purtell wanted to improve the Unit's 'numbers' and wanted Plaintiff to achieve same for him.

30.    That Plaintiff complained to, at that time, NYPD Lieutenant Harrington (now Captain Harrington) who was at that time one of the supervisors at the Conditions Unit, that

10

Plaintiff did not want to work in the Conditions Team but would accept the assignment as he was told that, if he didn't, it would be treated as an insult to Defendant Purtell. That as a direct and proximate result of the Defendants, and in particular Defendant Purtell, forcing/compelling Plaintiff to transfer to Manhattan South conditions Unit, Plaintiff suffered and sustained an economic loss in salary/income of approximately more than Thirty Thousand Dollars ($30,000.00).

31.    That Defendant D'Adamo, in response to Plaintiff notifying him of the Conditions Unit having high Civilian Complaint review Board complaints due to police misconduct/unlawful conduct, and that he did not wish to work there, Defendant D'Adamo threatened Plaintiff that Plaintiff had to work there whether Plaintiff liked it or not.

32.    Upon Plaintiff's arrival to the Patrol Borough Manhattan South Anti-Crime Unit, where Plaintiff first worked with Defendant Sergeant John Rajan (South Asian male), Defendant Rajan made his dislike of and racist/discriminatory attitude/beliefs against Hispanics like Plaintiff clear to Plaintiff.

33.    That Defendant Rajan was friendly with and connected with the upper tier of supervisors/officers at the 13th Precinct and was known to do favors for them and, in return, the supervisors, including the individually named Defendants herein, turned a blind eye to Defendant Rajan's unlawful conduct/misconduct/violent behaviors.

34.    That Defendant Rajan, without authority, permission or consent by Plaintiff, and without authority pursuant to the rules, codes, regulations and/or policies of the New York City Police Department, and in an abuse of Defendant Rajan's power, trust, authority, position, title and rank as a NYPD officer, unlawfully accessed Plaintiff's official department records and disclosed Plaintiff's information contained therein to others in the Patrol Borough Manhattan

11

South Anti-Crime Unit including the nature of Plaintiff's sensitive assignment in the Intelligence Division; a disclosure that could jeopardize Plaintiff's safety and life.

35.     Plaintiff repeatedly reported Defendant Rajan's foregoing misconduct/unlawful conduct to the entire chain of command assigned to Patrol Borough Manhattan South up to and including to Defendant Purtell as well as to Defendants Romero, Traynor, D'Adamo, Piekarski and NYPD Lieutenant Mendez, but, to no avail.  Plaintiff repeatedly requested that the Defendants, including those named herein, conduct an investigation of Defendant Rajan and into his misconduct, unlawful and violent actions, conduct and behaviors but, to no avail.

36.     Plaintiff also complained to the chain of command about Defendant Sergeant Rajan's history of violent acts, conduct and/or behavior towards/against others including, but not limited to: other officers and those citizens who Defendant Rajan stops, detains, arrests and/or imprisons, also causing them to sustain physical injury therefrom, and thereby exposing the NYPD and its members of the service/its officers who work with Defendant Rajan, including Plaintiff herein, to unnecessary and needless excessive force, brutality, assault, battery and other complaints being made for physical injuries being sustained at the hands of Defendant Rajan as well as for his violation of citizens' civil rights by, including but not limited to targeting poor, Black/African American and/or Hispanic citizens.

37.     That the Defendants, despite Plaintiff's repeated complaints about the foregoing, and despite knowing of Defendant Rajan's unlawful, abusive, misconduct and violent conduct/acts/behavior, took no remedial, corrective and/or disciplinary action against Defendant Rajan nor in response to Plaintiff's complaints thereof and continued to allow Defendant Rajan to continue his employment as an NYPD officer and to put the safety, health and well being of

the other NYPD officers, including Plaintiff, and the City's citizens, in risk and jeopardy of physical harm and injury at the hands of Defendant Rajan..

38.    That on or about August 21, 2012, Plaintiff again registered/made a complaint to Defendant Captain Thomas Traynor (Caucasian Male) about Defendant Rajan's history of violent conduct, as well as complaining about Defendant Rajan's unlawful accessing of Plaintiff's personal; department records and disclosing the contents of same to others in the department.. Plaintiff further advised Defendant Traynor that other members of the service/officers of the Department did not want to work with Defendant Rajan because of Defendant Rajan's unlawful and violent conduct, actions and behavior.

39.    That in response to Plaintiff's complaint to Defendant Traynor about Defendant Rajan, Defendant Traynor told Plaintiff that he, Defendant Traynor, ordered Defendant Rajan to run a P.E.P.E.R. on him to access Plaintiff's personal departmental records.

40.    That Plaintiff believes that Defendant Traynor is lying to Plaintiff when he told Plaintiff that he ordered Defendant Rajan to run the P.E.P.E.R. on Plaintiff in the Defendant's furthered effort, while acting under color of law, to protect and shield Defendant Rajan form disciplinary action by the Department as Defendant Rajan is well connected to the superiors ion the chain of command (including Defendant Traynor) as he is a member of the Desi Society within the NYPD and he does many favors for the superiors within the chain of command (including Defendant Traynor) and, in return for same, acting under color of law, the Defendants cover up, lie, protect, deny and shield Defendant Rajan from adverse action, disciplinary action, being brought up on charges and the like despite knowing of Defendant Rajan's unlawful conduct. If, in fact Defendant did order Defendant Rajan to run the P.E.P.E.R. on Plaintiff, then Defendant Traynor, who is close friends with Defendant Rajan, would be in violation of NYPD

13

departmental policy and, to date, no adverse action or disciplinary action has been taken against Defendant Traynor (or Defendant Rajan) for same nor have Defendants taken any corrective or remedial measures/action against Defendant Rajan and/or Traynor therein.

41.     That on or about February 21, 2013, during a meeting at Patrol Borough Manhattan South with Defendants' Purtell, Piekarski (Caucasian Male) and Basendello, Plaintiff again made, registered complaints to the Defendants about Defendant Rajan's unlawful and violent conduct, actions and behavior and how Defendant Rajan unlawfully accessed and disclosed Plaintiff's personal departmental records and personal information contained therein but, to no avail.

42.     That on or about April 17, 2013, while inside of Patrol Borough Manhattan South, Plaintiff again registered/made complaints about Defendant Rajan to Defendants Piekarski and D'Adamo and further told said Defendants that Plaintiff did not feel safe or comfortable working with Defendant Rajan given Defendant Rajan's unlawful and violent actions, conduct and behavior but, again, to no avail as Defendants did nothing about Plaintiff's complaints about Defendant Rajan.

43.     That on or about April 18, 2013, while Plaintiff was exiting Patrol Borough Manhattan South, without reason or provocation or any conduct whatsoever on the part of Plaintiff herein, Defendant Rajan physically attacked/assaulted Plaintiff and, before Defendant Rajan could further attack/assault/injure Plaintiff, Defendant Rajan was physically restrained by two (2) police officers. After breaking free from their restraint, Defendant Rajan then threatened Plaintiff again. That Respondnet Rajan told Plaintiff that he was told/made aware by Defendants herein that Plaintiff made/registered complaints about Defendant Rajan and Defendant Rajan's

unlawful/violent conduct, actions and behavior and Defendant Rajan attacked Plaintiff because of same.

44. That Defendant Lieutenant Jesus Romero (Hispanic Male), who at the time of Defendant Rajan's attempted physical assault on/of Plaintiff on or about April 18, 2013 was the Integrity Control Officer, was aware of and knew of Defendant Rajan' s misconduct/unlawful conduct against Plaintiff but, acting under color of law in the Defendants' furthered and continued course of action to protect Defendant Rajan and cover up his unlawful conduct, did not discipline Defendant Rajan, did not take any corrective or remedial action, did not report Defendant Rajan not notify the Internal Affairs Bureau of Defendant Rajan's unlawful conduct/misconduct against Plaintiff therein.

45. That on or about April 19, 2013, the very next day after Defendant attacked/assaulted Plaintiff on or about April 18, 2013, while Plaintiff was inside of Patrol Borough Manhattan South, Defendant Rajan again initiated another physical confrontation and attack on Plaintiff. Defendant Rajan had ordered the subordinate officers out of the Anti Crime Office and, as the acting supervisor of the Unit, Plaintiff ordered the officers to suit up and prepare to go out on patrol. While Plaintiff was inside the room/office that housed his locker and uniform equipment, an office/room that Defendant Rajan had no authority to be in, while Plaintiff was retrieving his equipment from his locker and had his back to the door, Defendant Rajan unlawfully and without permission, consent or authority, and without any provocation, reason or conduct by Plaintiff whatsoever, entered Plaintiff's office and from behind, attacked, assaulted, battered, choked, hit, struck, pushed, falsely imprisoned and otherwise was violent and used excessive force against Plaintiff herein.

46.     That NYPD Officers Traci McLaughlin (Female), Eric Ahlfeld and Michael Bellagamba all had to physically restrain and remove Defendant Rajan from Plaintiff's neck and from choking Plaintiff therein. In response to the foregoing Officers' attempt to restrain and stop Defendant Rajan from continuing to choke and attack/assault Plaintiff, Defendant Rajan then physically pushed NYPD Officer McLaughlin.

47.     After Plaintiff was freed from Defendant Rajan's chokehold, assault and battery, Defendant Rajan immediately ran to his friend, Defendant Deodat Urprasad (South Asian Male), the Commanding Officer of the Patrol Borough Manhattan South Investigations Unit. -- the same unit where Defendant Rajan improperly, unlawfully and without authorization, permission or consent, accessed Plaintiff's official department records and disclosed same information to other Officers.

48.     That both Defendants Rajan and Urprasad are members of the NYPD Desi Society, the fraternal organization that represents South-Asian Officers, and both Defendants had previously made it known that they do not like Hispanics including Plaintiff herein.

49.     Plaintiff informed, made/registered a complaint and/or put Defendants on notice about Defendant Rajan's unlawful attack/assault/choking/battery committed against him on or about April 19, 2013. In particular, Plaintiff notified Defendant D'Adamo about Defendant Rajan's unlawful attack/assault/choking/battery committed against him to which Defendant D'Adamo told Plaintiff that he was going to notify the Duty Captain about same. Plaintiff further complained to Defendant D'Adamo of the physical pain/injuries that he was suffering from as a result of Defendant Rajan's unlawful attack/assault/battery including, but not limited to: pain in his neck, upper back and left shoulder; pain and strangulation marks around Plaintiff's

neck, the feeling that something "popped" out of his left shoulder, a tear in and/or broken left shoulder.

50.    As a direct and proximate result of Defendant Rajan's unlawful assault/attack/choking/battery committed against him, Plaintiff was transported to Bellevue Hospital where he was treated.

51.    On or about April 20, 2013, upon Plaintiff's arrival back at the command after being assaulted/attacked/battered and choked by Defendant Rajan and after being treated at Bellevue Hospital for same, Plaintiff, heavily medicated for his injuries sustained therefrom, was met by Defendant Sergeant Benevolent Association's Manhattan North Delegate Sergeant Cliff Thieleke (Caucasian Male) to discuss with him the incidents involving Defendant Rajan and conducted a GO 15 investigation for which Plaintiff was made the subject by the Defendants..

52.    That during the foregoing GO15 as Plaintiff was going to be questioned regarding same, Plaintiff requested an attorney but was unlawfully denied/refused same. Instead, during the questioning by/with Defendant Thieleke, Defendant Thieleke, acting under the color of law and in the Defendants' continued and furthered efforts to protect Defendant Rajan, cover up Defendant Rajan's unlawful and violent conduct and to prevent any adverse and/or disciplinary actions being taken against Defendant Rajan, told Plaintiff not to report/notify/advise or even mention that Defendant Rajan choked/strangled him. Acting under color of law and in the Defendants' continued and furthered efforts to protect Defendant Rajan, cover up Defendant Rajan's unlawful and violent conduct and to prevent any adverse and/or disciplinary actions being taken against Defendant Rajan, Defendant Thieleke told/advised Plaintiff to lie about Defendant Rajan's attack/assault/choking/battery and further advised Plaintiff that if he did not lie, Plaintiff would be suspended and arrested. Defendant Thieleke further warned/threatened

Plaintiff that he Defendant Thieleke has worked with Defendant McNamara and the only way Plaintiff will not be suspended is if Plaintiff does not notify/report or tell anyone about Defendant Rajan's choking/strangulation of Plaintiff.

53.     Plaintiff refused to lie and told Defendant Thieleke that he would not lie about Defendant Rajan choking/strangling/assaulting/attacking/battering Plaintiff. Despite Defendant Rajan's unlawful and criminal conduct against Plaintiff, and despite the Defendants knowing of same, in retaliation against Plaintiff for not lying about the choking/strangulation by Defendant Rajan, the Defendants did not take any remedial/corrective actions, did not refer/report the matter to Internal Affairs Bureau as required by NYPD department policy, did not arrest Defendant Rajan, did not suspend Defendant Rajan, nor take any disciplinary action against him for same.

54.     In further retaliation against Plaintiff and in furtherance of Defendants' acting under color of law and in concert with the other, in efforts to protect/shield/cover up and/or prevent Defendant Rajan from being brought up on charges (criminal and/or departmental), being suspended and/or having any disciplinary action taken against him for the unlawful and criminal acts committed against Plaintiff on or about April 19, 2013, Defendants, in an intentional violation of NYPD departmental policy, compelled/forced Plaintiff to undergo questioning by Defendants without an attorney and while Plaintiff was under medication that he was taking for the injuries caused by Defendant Rajan thereby intentionally acting under the color of law and in concert with the other to lessen the adverse/disciplinary/criminal consequences to/for Defendant Rajan, depriving Plaintiff of Plaintiff's rights and further damaging/undermining Plaintiff's rights to pursue a criminal arrest and prosecution of Defendant

Rajan therefor.  The foregoing was ordered/implemented/conducted/put in place by Defendants Purtell, McNamara, Piekarski, and Papamichael (Caucasian Female).

5 5.    That Defendants Purtell, McNamara, Piekarski, and Papamichael have covered up similar instances of police misconduct in the past.

56.    That Defendants Urprasad, Ariola (Caucasian Male), and Ebrahim (Caucasian Male) intentionally violated department policy in their undertaking/conducting of the criminal investigation regarding Defendant Rajan's assault/attack/battery/choking and use of violent excessive force against Plaintiff herein.  That these Defendants did the foregoing in concert with the other and acting under color of law in furtherance of the unlawful retaliation against Plaintiff and in furtherance of Defendants' efforts to shield/protect Defendant Rajan and to cover up/deny and allow to go unpunished and unanswered for, Defendant Rajan's criminal, unlawful and departmental misconduct, actions, conduct, behavior committed against Plaintiff herein.

57.    That    during    the    Defendants'    investigation    of    Defendant    Rajan attacking/assaulting/battering/choking of Plaintiff, and, in particular during the Defendants' interview/questioning of Plaintiff, Defendant Papamichael, despite knowing that Plaintiff was, among other things, choked/strangled by Defendant Rajan around./at Plaintiffs neck, unlawfully/inappropriately and intentionally, without Plaintiff's consent/permission/authority, grabbed Plaintiff around his neck in efforts to simulate the attack by Defendant Rajan all the while questioning Plaintiff's truthfulness about his claims (despite the physical and medical evidence and the other police officers who witnessed same) and all the while bragging about her skill in martial arts.

58.    In   retaliation   against   Plaintiff   for   not   lying   about   Defendant   Rajan choking/strangling him, and in furtherance of Defendants acting under color of law and in

concert with the other to protect/shield Defendant Rajan and to prevent any adverse/criminal/disciplinary charges/actions against Defendant Rajan, Defendants, knowing that Plaintiff was the victim of a crime committed against him by Defendant Rajan, placed Plaintiff on or about April 20, 2013 on "Modified" Duty/Assignment as a punishment as same is a restriction/limitation of Plaintiff's performance of duty, brought Plaintiff (not Defendant Rajan) on charges of being in a physical altercation and transferred him to another Unit (VIPER) as a punishment as he lost any overtime duty and lost overtime salary/income as a direct result from same. That Defendant Urprasad, friend of Defendant Rajan, brought the charges against Plaintiff and conducted the investigation which should have been performed by IAB, not Defendant Urprasad.

59.    That while Plaintiff was brought up on charges, placed on "Modified" duty and transferred to VIPER Unit where he lost any overtime salary, in direct contrast, the perpetrator of the crime against Plaintiff, to wit: Defendant Rajan, was transferred by Defendants to another Unit where Defendant Rajan gained overtime duty and income; thereby disparately treating, unlawfully retaliating against and unlawfully discriminating against Plaintiff because of his race, national origin/ethnicity and in retaliation for Plaintiff's repeated complaints about Defendant Rajan and his violent and unlawful conduct.

60.    That Defendants Purtell, McNamara, Piekarski, D'Adamo, Papamichael, Urprasad, Ariola, Ebrahim and/or Thieleke, acting under color of law and in concert with the other, intentionally failed to notify NYPD's OEEO Office and NYPD's Internal Affairs Bureau about Plaintiff's complaints about Defendant Rajan and about Defendant Rajan's unlawful, criminal and violent attack/assault/battery/choking/strangulation/use of excessive force against him.

61.     That as a direct and proximate result of Defendant Rajan's unlawful, criminal and violent attack/assault/battery/choking/strangulation/use of excessive force against Plaintiff on or about April 19, 2013, Plaintiff has required emergency medical care/treatment and continued medical care and treatment including, but not limited to surgery for/on his left shoulder/arm, post surgery treatment and requiring medication including, but not limited to: Percocet and sleeping pills.

62.     That as a direct and proximate result of Defendant Rajan's unlawful and criminal attack/assault/battery/choking/use of excessive and unwarranted force against the Plaintiff, Plaintiff was out from duty for the injuries he sustained therefrom, including, but not limited to the broken left shoulder and subsequent surgery therefor, and, as a result of same, Plaintiff lost his overtime duty income and night shift differential from on or about April 19, 2013 to on or about December 1, 2013 when Plaintiff was forced to resign/retire; thereby causing Plaintiff to sustain an economic loss of approximately more than Forty Thousand Dollars ($40,000.00).

63.     In addition to the incidents, occurrences, conduct, acts and/or omissions/failures of/by the Defendants stated and set forth above, Plaintiff consistently and repeatedly complained to Defendants, and to Defendant D'Adamo in particular while Plaintiff was assigned to the Intelligence Division, that the Defendants unlawfully and disparately treated minority officers, and in particular Hispanic officers, as compared to their white/Caucasian counterparts who received preferential and better treatment by/with the Defendants. In response to Plaintiff's complaints about the unlawful disparate treatment by Defendants to minority and, in particular, Hispanic officers, instead of noting or reporting his complaints or taking any remedial/corrective action or investigation, Defendant D'Adamo often told Plaintiff that Plaintiff was a "fictitious Hispanic" who did not speak Spanish fluently and was a "fake" Hispanic; thereby creating,

facilitating and fostering an unlawful hostile work environment against Plaintiff because of his race, national origin/ethnicity.

64.     That in further discrimination, hostile work environment and unlawful retaliation against Plaintiff, and in furtherance of the Defendants' unlawful cover up of Defendant Rajan's criminal and unlawful assault of Plaintiff, Defendants, on or about July 8, 2013, filed specifications and charges against Plaintiff on or about July 8, 2013 for engaging in a physical altercation with Defendant Rajan when Defendants knew Defendant Rajan was the aggressor and attacked/coked and assaulted Plaintiff from behind, injuring Plaintiff, and not that Plaintiff attacked or assaulted Defendant Rajan.   In continued and furthered unlawful discrimination, retaliation, and hostile work environment, and in furtherance of the Defendants' cover up of Defendant Rajan's unlawful and criminal assault upon plaintiff, Defendants again modified Plaintiff on or about July 9, 2013 and not only took away his badge and weapon, but also took the legally and lawfully possessed firearms that Plaintiff lawfully possessed in his home.

That these charges against and modification of plaintiff on or about July 8, 2013 and July 9, 2013, was unlawfully filed and conducted beyond the time required as per the patrol guide as more than 30 days had transpired from when Plaintiff was forced by Defendants to tender his resignation which he did on or about May 19, 2013 and, as per the Defendants' own rules, codes laws and regulations, any specifications or charges against someone who has tendered their resignation must be filed within 30 days of the date of resignation.  Here, the July 8, 2013 filing of specifications and charges against Plaintiff were unlawfully well beyond the 30 days.  That Defendants did so with the malicious intent to have charges pending against Plaintiff when he retired(forced/compelled resignation) so that Defendants could stamp his retiree ID as "non weapons approved".

65.    That while Plaintiff was out on sick leave due to the serious physical injuries caused by Defendant Rajan, from on or about April 19, 2013 to on or about December 1, 2013, Defendants unlawfully and continuously harassed Plaintiff.  Defendants visited Plaintiff's home while he was out on sick leave more than his white/Caucasian officers counterparts; Defendants assigned a surveillance unit to watch Plaintiff and follow him wherever he went including when Plaintiff went for medical treatment and appointments with his legal counsel; transferred Plaintiff to VIPER against department regulation as an officer out on line of duty sick cannot be transferred just so that Defendants could deduct ten (10) percent of Plaintiff's salary; reduced Plaintiff's pension as a direct result of unlawfully reducing his salary/income by assigning him as a punishment to VIPER and reducing his salary by ten (10) percent.

66.    That because of the unlawful discrimination against Plaintiff because of his race, national origin/ethnicity, the hostile work environment, the unlawful disparate treatment of Plaintiff based upon his race, national origin/ethnicity, the unlawful retaliation against Plaintiff for exercising his right to register complaints about the workplace and, in particular for registering repeated complaints about Defendant Rajan, the assault/attack/choking of Plaintiff by Defendant Rajan, the Defendants' failure to take remedial/corrective/disciplinary action against Defendant Rajan, the charges filed by Defendants against Plaintiff, the Defendants' failure to respond at all to Plaintiff's complaints about Defendant Rajan, the unlawful harassment of Plaintiff by Defendants including the Defendants placing him on "Modified" duty/assignment when he was victimized and assaulted by Defendant Rajan and the Defendants harassing and following Plaintiff when he was out on sick leave in order to undergo surgery on his left shoulder, the Defendants unlawfully forced/compelled Plaintiff to retire/resign on or about

December 1, 2013 from the NYPD after over Twenty-Two (22) years of service, thereby unlawfully constructively terminating Plaintiff.

67.    That Defendants' unlawful constructive termination on or about December 1, 2013, of Plaintiff was because of the Defendants' unlawful hostile work environment, disparate treatment, discrimination and retaliation because of Plaintiff's race, national origin/ethnicity and in retaliation against Plaintiff for exercising his lawful right to register complaints about the workplace and conditions therein including but not limited to his complaints about Defendant Rajan, Defendant Rajan's misconduct, Defendant Rajan's unlawful and violent conduct, Defendant Rajan;s violations of citizens' rights and civil liberties and about Defendant Rajan's unlawful and criminal attack, assault, battery, use of unwarranted excessive force, choking and strangulation of Plaintiff which resulted in serious personal injuries to Plaintiff including, but not limited to: a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, pain and suffering, mental anguish, humiliation, emotional distress (intentional and negligent).

68.    That prior to, at the time of and subsequent to Defendant Rajan's unlawful and criminal attacks/assaults/battery/use of excessive and unwarranted force/choking and strangulation of Plaintiff on or about April 18, 2013 and April 19, 2013, Plaintiff repeatedly registered/made complaints about Defendant Rajan and his violent and criminal behavior, his violations of citizens' rights and civil liberties and his violent actions to Defendants including but not limited to the named Defendants herein, but to no avail.

69.    That at all times herein mentioned, the Defendants were acting within the scope of their employment, under the color of law, as state actors, and in concert one with the other.

70.     That, upon information and belief, in September 1999, a Federal lawsuit was commenced by Twenty-Two individuals and the New York City Police Department Latino Officers' Association alleging discriminatory and disparate application of the New York City Police Department's disciplinary rules, procedures and punishments of Latinos, Afro-Americans and other minority police officers by Defendants City and NYPD.

71.     Based upon information and belief, the Honorable Judge Lewis A. Kaplan of the United States District Court for the Southern District of New York certified the foregoing lawsuit as a class action which included all African-American and Hispanic Police Officers and certain civilian employees of the New York City Police Department from 1995 forward then employed with the New York City Police Department and those who will be employed by the New York City Police Department as uniformed officers.

72.     Based upon information and belief, that lawsuit alleged that African Americans and Latino Officers were less likely to be acquitted and have their charges dismissed than Whites at Departmental Hearings with the New York City Police Department and sixty (60) and thirty (30) percent more likely, respectively to be found guilty at the New York City Police Department trials than Whites.

73.     Based upon information and belief, that lawsuit alleged that in terms of overall dispositions by the New York City Police Department, charges against Whites were more often dismissed or resulted in findings of not guilty while Afro-Americans and Latinos were far more often found guilty and that when findings of guilt were handed down, Afro-Americans and Hispanics were terminated by the New York City Police Department from said Department with greater frequency than White officers and the White officers received less penalties/punishment.

74.    Based upon information and belief, the lawsuit further alleged that, overall and in general, Hispanics, Afro-Americans and other minority officers were disciplined and treated more often, more adversely and/or more severely than White/Caucasian and/or non-minority officers were by the Defendant New York City Police Department

75.    Based upon information and belief, the Defendants City and NYPD settled the foregoing lawsuit with the Plaintiffs of that lawsuit in which, the Defendants provided a monetary award to the Plaintiffs of that lawsuit and members of the class and, more significantly, Defendants agreed to an injunctive relief that the Defendants, City and NYPD would be enjoined from discriminating based upon race, color, national origin, or ethnicity in the future.

76.    Based upon information and belief, on or about December 2003, pursuant to the settlement of the foregoing class action lawsuit, Defendants City and NYPD entered into a signed stipulation of settlement – a contract- by the terms and conditions of which the Defendants City and NYPD were obligated to establish a review unit to analyze the New York City Police Department's disciplinary process regarding discrimination and retaliation and whether African American and Latino/Hispanic members of the Police Department are being investigated, charged, disciplined or penalized in a discriminatory manner, to wit: a "Disciplinary Review Unit".

77.    That based upon information and belief, pursuant to said contract, the signed stipulation of settlement therein, the Defendants were obligated to establish this "Disciplinary Review Unit" to track and analyze whether minority members of the New York City Police Department, like Plaintiff herein, were being treated in a discriminatory manner when being disciplined as well as the Defendants were to establish an "Advisory Committee" to address employment discrimination and retaliation concerns.

78.     Further, based upon information and belief, pursuant to same contract/stipulation of settlement, the Defendants were to develop a "Know Your Rights" guide to the New York City Police Department discipline system and to enhance existing databases and create new databases and report data thought to be relevant to analyzing whether or not discrimination was continuing on the New York City Police Department discipline system.

79.     Based upon information and belief, on or about September 17, 2004, the District Court entered a judgment and order approving said stipulation of settlement/contract, and its terms and conditions, in the foregoing class action lawsuit.  Based upon information and belief, the settlement agreement/contract contained specific steps that the Defendants City and NYPD would take to establish procedures to prevent discrimination.

80.     Here, Plaintiff Marco Trujillo and other Latino/Hispanic/Minority Officers similarly situated as him, are members of the Class set forth in the foregoing lawsuit and are members of the Class of police officers that the foregoing settlement agreement/stipulation/contract was designed and entered into to protect.

81.     Plaintiff Trujillo is a Spanish/Latino/Hispanic/Minority male who was employed by the NYPD as a police officer at or subsequent to the foregoing settlement/contractual agreement and, as such, is a member of that Class that the foregoing lawsuit and settlement agreement/contract was intended to futuristically protect and, as such, Plaintiff Franco is a beneficiary of said contract and/or has standing to seek to have a Court compel the Defendants to abide by all of the terms and conditions of same including, but not limited to: compelling the Defendants to establish a review unit to analyze the NYPD's disciplinary process regarding discrimination and retaliation and whether African American and Latino/Hispanic members of the Police Department are being disciplined, investigated, charged, prosecuted, terminated and/or

27

penalized in a discriminatory manner and to comply with the settlement agreement's specific steps that the City and NYPD should have undertaken to establish procedures to prevent discrimination.

82.     Based upon information and belief, per the terms of the foregoing stipulation/agreement, the Defendants City and NYPD were obligated to establish an "Employment Practice Unit" which essentially was slated to provide and conduct the same and/or similar function as the "Disciplinary Review Unit."

83.     The Defendants City and NYPD breached the contract/stipulation agreement in that the Employment Practice Unit is wholly ineffective, inadequate, inept and did not and does not have an efficient system in place to track and analyze whether minority members of the New York City Police Department are being treated in a discriminatory manner when disciplined.

84.     The Defendants City and NYPD breached the contract/stipulation agreement in that the "Employment Practice Unit" has failed and/or did not track and/or analyze whether minority members of the NYPD are being treated in a discriminatory manner when disciplined and their efforts fell short of the terms and conditions outlined in same stipulation/contract and Plaintiff Franco, and other Latinos and Afro-American Officers similarly situated, have been adversely affected by Defendants' failure to implement the terms and conditions of the settlement agreement.

85.     Based upon information and belief, per the terms of the foregoing stipulation/agreement, the Defendants City and NYPD were obligated to establish an "Advisory Committee" to address employment discrimination and retaliation concerns within the New York City Police Department.

86.    The Defendants City and NYPD breached the contract/stipulation agreement in that the Defendants failed to establish an "Advisory Committee" to address employment discrimination and retaliation concerns within the NYPD and their efforts fell short of the terms and conditions outlined in same stipulation/contract and Plaintiff Trujillo, and other Latinos and Afro-American Officers similarly situated, have been adversely affected by Defendants' failure to implement the terms and conditions of the settlement agreement.

87.    The Defendants City and NYPD breached the contract/stipulation agreement in that the Defendants failed to establish a meaningful and/or effective and/or operable "Advisory Committee" to address employment discrimination and retaliation concerns within the NYPD.

88.    That the Defendants City and NYPD constructively terminated Plaintiff Trujillo's employment on or about November 30, 2013 by unlawfully forcing him to resign/retire because of Defendants' unlawful discrimination, hostile work environment, disparate treatment and retaliation against Plaintiff based upon his race, national origin, color and/or ethnicity, and in unlawful retaliation for Plaintiff complaining about the hostile work environment and discrimination against him, as well as about Defendant Rajan's unlawful, criminal and violent conduct, violations of citizens' rights and unlawful and criminal assault/battery/attack/choking/strangulation/use of excessive and unwarranted force against Plaintiff herein.

89.    That the Defendants breached the foregoing contract/stipulation of settlement therein and, had the Defendants complied with the aforementioned stipulation of settlement/contract and its terms and conditions, had the Defendants established a review unit and advisory committee, in addition to the other terms and conditions outlined in said stipulation/contract, had the Defendants properly and/or adequately established same and/or had

the review unit and advisory committee, if so established, been performing its duties as per the stipulation of settlement/contract to try and prevent the unlawful discrimination and disparate treatment of Latino, African American and/or other minority police officers, than the review unit, the advisory committee and the Defendants would have and should have detected, stopped, prevented and/or remedied the very unlawful discrimination, retaliation, hostile work environment and disparate treatment by Defendants against Plaintiff herein.

90.    That the foregoing stipulation of settlement/contract was designed to, in fact, protect Plaintiff herein from the Defendants' unlawful treatment, acts, conduct and/or omissions herein in their unlawful, hostile, discriminatory, disparate, intentional, malicious, and/or retaliatory treatment and discrimination against him.

91.    As a result of the Defendants' breach of the foregoing stipulation of settlement/contract, Plaintiff suffered and continued to suffer, culminating in the ultimate unlawful act of constructive termination/forced resignation/retirement, the very unlawful, hostile, discriminatory, disparate, retaliatory conduct that the Defendants were obligated to establish said procedures to try and prevent and because of the Defendants' breach of same, the Defendants unlawfully continued their course of unlawful, hostile, discriminatory, disparate and retaliatory treatment against Plaintiff by the Defendants when non-minority/non-Spanish/non-Latino/non-Hispanic police officers were not so treated or constructively terminated by Defendants herein.

92.    That the Defendants breached the foregoing stipulation of settlement/contract and, as a direct and proximate result, Plaintiff suffered and continues to suffer damages herein including, but not limited to, deprivation of rights, denial of proprietary interest, lost income, denial of title, rank and position, denial of compensatory salary, denial of pension and retirement benefits, denial of medical benefits, physical injuries, torn/broken left shoulder requiring surgery

and subsequent medical treatment, injuries to his neck, pain and suffering, permanent scars to his left shoulder and arm, as well as mental anguish, pain, humiliation and emotional distress (negligent and intentional).

93.    That in addition to the damages, losses, injuries set forth above, Defendants have further unlawfully discriminated against and retaliated against Plaintiff by, on or about December 1, 2013, after forcing Plaintiff to retire/resign (constructive termination) which Plaintiff would not have done but for Defendants' unlawful and continuing unlawful conduct, Defendants banned Plaintiff from being able to carry firearms, took his personal legal firearms from him/his home and stamped his retirement identification card as being prohibited from carrying any firearms and/or restricting his license to carry such firearms thereby preventing Plaintiff, and tortuously interfering with Plaintiff's right and ability to seek other employment including but not limited to being a licensed bondsman and/or other employment that requires a license to carry a firearm. As a direct and proximate result of the Defendants' foregoing further unlawful conduct, Plaintiff has suffered and continues to suffer economic/monetary damages/losses as he has lost employment opportunities as a direct and proximate result from same.

94.    That at all times herein mentioned the Defendants either individually/personally or through their employees, were acting under color of state law, acting in concert each with the other and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York when they engaged in the herein mention unlawful and discriminatory acts and practice against the Plaintiff.

95.    In addition to the facts alleged in the foregoing and following subparagraphs, the Defendants, are sued in their individual capacities and in their respective official capacities as

agents, servants, licensees and/or employees of Defendants, The City of New York and New York City Police Department and for the purpose of the within action and at all times herein alleged, acted within the scope of their employment as agents, servants, licensees and/or employees of Defendants the City of New York and New York City Police Department.

96.     That at all times herein mentioned it is the custom and practice of the Defendants to discrimination against individuals, as Plaintiff, based upon race, color, national origin, ethnicity in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 19103, 19103(a), 2000, 2000(e), 2000(e)(3), 2000(e)-2(a)(I).

97.     That at all times herein mentioned it is the custom and practice of the Defendants to discrimination against individuals, as Plaintiff, of Puerto Rican National Origin.

98.     That at all times herein mentioned it is the custom and practice of the Defendants to discriminate against, create an unlawful hostile work environment, unlawfully retaliate against and unlawfully treat disparately individuals like the Plaintiff herein, in violation of the laws and the Constitution of the State of New York and the laws and the Constitution of the United States of America and in violation of individual, as the Plaintiff, State and Federal Constitutional Right to Equal Protection as guaranteed by the 14th Amendment of the Constitution of the United States of America, in violation of New York Executive Law Art. 15 (NY Human Rights Law) and in violation of New York State Human Rights Law Sections 290-297) and the Administrative Code of the City of New York.

99.     That at all times herein mentioned it is the custom and practice of the Defendants to discrimination against individuals and to deprive individuals, as the Plaintiff, proprietary

interest in acquired rank/title/position without due process of law in violation of the State and Federal Constitutional Rights.

## AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. SECTIONS 1981, 1981(a), 1983 & 2000e. seq.

100.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the complaint number "1" to "99" with the same force and effect as if set forth at length herein.

101.    Defendants the City of New York and New York City Police Department are employers within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1981, 1981(a), 1983 and 2000e, *et. seq.*

102.    Defendants' unlawful, discriminatory, retaliatory, abusive and/or hostile conduct/work environment and unlawful disparate treatment against Plaintiff because of his race, color and/or national origin, and in retaliation for his exercising his right to engage in the protected activity of registering complaints about the workplace, including but not limited to complaints about the violence and violent propensity/conduct of Defendant Rajan, including Plaintiff's complaints about Defendant Rajan's physical and criminal assault of/against Plaintiff, compelled and forced Plaintiff to resign his employment, title, position, rank, authority, salary and benefits as an NYPD officer and further deprived Plaintiff of his right to make and enforce contracts to the full and equal benefit of Defendants' regulations and all laws and proceedings for the security of Plaintiff's employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. Sections 1981, 1981(a), 2000, 2000(e), 2000(e)(3) and 2000(e)-2(a)(1).

103.    Defendants, their officers, agents, servants, and/or employees are responsible for the intentional and unlawful/discriminatory/hostile/retaliatory/disparate acts, conduct, treatment,

practices and /or policies, and for creating and/or fostering a hostile work environment that caused Plaintiff to suffer and sustain damages.

104.   Defendants, their officers, agents, servants, and/or employees are/were, at all times herein mentioned, acting within the scope of their employment.  Defendants the City of New York and New York City Police Department are liable for said Defendants' intentional, unlawful, discriminatory, hostile, disparate and/or retaliatory acts, conduct, treatment, practices and/or policies against Plaintiff.

105.   That during the course of his employment, Plaintiff engaged in the protected activity of registering complaints to Defendants about the hostile and unlawful work environment/conditions with his last complaint being made before and subsequent to each and every unlawful act and of mistreatment by the Defendants towards the Plaintiff.

106.   Defendants, their officers, agents, servants, and/or employees discriminated in the workplace against Plaintiff because of his race, color and/or national origin and in unlawful retaliation to Plaintiff's complaints about the hostile work environment/conditions.

107.   Defendants do not treat Caucasian and/or non-Latino, non-Hispanic and/or non-Spanish officers similarly situated as Plaintiff, as they treated the Plaintiff.  Defendants do not treat other groups who do not engage in the protected activity of registering complaints about work conditions/environment, similarly situated as Plaintiff, as they treated Plaintiff.

108.   Defendants New York City and New York City Police Department are liable for said Defendants' intentional, unlawful, discriminatory and/or disparate acts, conduct, treatment, practices and/or policies that were intentionally, hostilely, unlawfully and discriminatorily applied to Plaintiff.

109.    Defendants New York City and New York City Police Department knew of said Defendants' unlawful, discriminatory, disparate, retaliatory and hostile and/or abusive acts, conduct, treatment, practices, and/or policies against the Plaintiff, and/or, had same Defendants exercised due care they would have discovered same.

110.    Defendants failed to take remedial and/or corrective action to address the unlawful, retaliatory, disparate and discriminatory practices the Defendants caused to be visited upon the Plaintiff.

111.    Defendants unlawfully created and/or fostered a discriminatory, disparate, retaliatory, hostile and/or abusive work environment against the Plaintiff based upon his race, color and/or national origin and/or for his exercise of a protected activity of complaining about the hostile work environment/conditions.

112.    Defendants the City of New York and the New York Police Department as employers of Defendants Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, Romero, Thieleke And "John Does", are liable for said Defendants' intentional, unlawful, disparate and discriminatory acts, conduct, treatment, practices and/or policies that were intentionally, hostilely, unlawfully and discriminatorily applied to Plaintiff.

113.    Defendants knew of the unlawful, discriminatory, disparate, retaliatory, hostile and/or abusive acts, conduct, treatment, practices, and/or policies against the Plaintiff, and/or, had Defendants exercised due care, they would have discovered same.

114.    That as a direct and proximate result of Defendants' acts, conduct and/or omissions as detailed above, in unlawfully discriminating and retaliating against him, and in creating and perpetuating a hostile work environment against him, Plaintiff MARCO TRUJILLO

35

suffered harassment and discrimination that was intolerable to Plaintiff and so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

115.    That as a direct and proximate result of Defendants' acts, conduct and/or omissions as detailed above, in unlawfully discriminating and retaliating against him, and in creating and perpetuating a hostile work environment against him, Plaintiff MARCO TRUJILLO'S reaction to the Defendants' adverse employment actions taken against him, by resigning, was reasonable given the totality of the circumstances as set forth and detailed above; the acts of which Plaintiff complains herein would have compelled a reasonable person to also end his or her employment as Plaintiff was forced to do herein.

116.    That at all times herein mentioned, the Defendants' conduct, actions and/or omissions were intentional and willful violations of Title VII of the Civil Rights Act.

117.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

118.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injuries, including, but not limited to: a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, pain and suffering, mental anguish, humiliation, emotional distress (intentional and negligent) and further sustained the following injuries and/or damages:

a.    Plaintiff suffered damage to his title, position, promotion, salary, pension and/or retirement benefits.

b.    Plaintiff suffered and is suffering psychological emotional distress.

c.    Plaintiff has suffered actual monetary losses directly resulting from Defendants' violation of Title VII of the Civil Rights Act.

36

d.    Plaintiff is entitled to post-judgment interest on all sums, including attorneys' fees and costs awarded in this action.

e.    Defendants' conduct was an intentional and willful violation of Title VII of the Civil Rights Act.

f.    Plaintiff is entitled to an award of liquidated damages within the meaning of Title VII of the Civil Rights Act.

119.    Plaintiff claims damages herein.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. Section 1983—UNREASONABLE AND EXCESSIVE FORCE

120.    Plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs of the Complaint numbered "1" to "119" with the same force and effect as if more fully set forth herein.

121.    By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiff of his constitutional right to be free from excessive and unreasonable force by intentionally, maliciously and with deliberate indifference to human life, subjecting Plaintiff to, causing Plaintiff to be subjected and/or facilitating the subjection of Plaintiff to assault, battery and use of excessive force against him, without justification, causing injuries/damages including, but not limited to: false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, pain and suffering, mental anguish, humiliation, emotional distress (intentional and negligent) and psychological trauma,

122.    By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiff of his constitutional right to be free from excessive and unreasonable force by further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein.

123.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein for the injuries set for above.

## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. Section 1983—EIGHTH AND FOURTEETH AMENDMENT VIOLATIONS

124.    Plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs of the Complaint numbered "1" to "123" with the same force and effect as if more fully set forth herein.

125.    Defendants, acting under color of law, deprived the Plaintiff of his Eighth Amendment right to be free from cruel and unusual punishment/excessive force and her Fourteenth Amendment rights to due process and equal protection under the law.

126.    Each and every of the Defendants' animus was expressed by their actions, conduct and/or omissions, individually and collectively, in intentionally and maliciously falsely charging, prosecuting and modifying Plaintiff and the subsequent and consequential reduction in Plaintiff's salary and overtime pay, and in their intentional acts to cover up the assault committed against Plaintiff by Defendant Rajan, in failing to charge/prosecuting Defendant Rajan with the assault of Plaintiff, in failing to investigate Plaintiff's previous complaints about Defendant Rajan and said Defendant's violence, in failing to investigate Defendant Rajan's assault of Plaintiff, in retaining Defendant Rajan in their employ despite Plaintiff's prior complaints and

despite Defendant Rajan's prior violent conduct, assaulting/battering and use of excessive force by Defendant Rajan against Plaintiff, in unlawfully retaliating against Plaintiff for exercising his right to complain about the workplace including complaints about Defendant Rajan and said Defendant' prior violence, in unlawfully retaliating against Plaintiff by modifying Plaintiff's duty thereby causing a reduction in salary/pay/overtime and in the Defendants' unlawful constructive termination of Plaintiff from his employment thereby unlawfully denying him title/position/rank/salary/pay/overtime/benefits, without justification, and thereby causing him to suffer and sustain personal, physical, psychological and economic damages/injuries as stated above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein.

127.    As a direct and proximate result of the foregoing, Plaintiff claims damages herein for the injuries set forth above.

## AS AND FOR A FOURTH CAUSE OF ACTION
### 42 U.S.C. Section 1983 -- CAUSED TO BE SUBJECTED

128.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "127" with the same force and effect as if set forth at length herein.

129.    That by the Defendants' actions, conduct, negligence and/or omissions, Defendants caused the Plaintiff MARCO TRUJILLO to be subjected to including, but not

limited to: false departmental charges/prosecution, unlawful assault, unlawful battery, unlawful use of excessive force, unlawful retaliation for exercising his right to register complaints about the workplace including complaints about Defendant Rajan and said Defendant's prior violence, unlawfully being placed by Defendants on "modified duty", reduction of salary/overtime and pay, unlawful constructive termination, loss of position/title/rank/salary/pay/overtime/benefits, and to further be subjected to and suffer personal and physical injuries including, but not limited to:  a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, that required medical care/treatment, pain and suffering, mental anguish, shock, emotional distress (intentional and negligent) psychological trauma, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees.

130.    As a direct and proximate result of the Defendants, their servants, agents, officers, police officers and/or employees' actions, conduct, negligence and/or omissions, Plaintiff MARCO  TRUJILLO  was  caused  to  be  unlawfully  subjected  to  false  departmental charges/prosecution, unlawful assault, unlawful battery, unlawful use of excessive force, unlawful retaliation for exercising his right to register complaints about the workplace including complaints about Defendant Rajan and said Defendant's prior violence, unlawfully being placed by Defendants on "modified duty", reduction of salary/overtime and pay, unlawful constructive termination, loss of position/title/rank/salary/pay/overtime/benefits, and to further be subjected to and suffer personal and physical injuries including, but not limited to:  a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, that required medical care/treatment, pain and  suffering,  mental  anguish,  shock,  emotional  distress  (intentional  and  negligent)

40

psychological trauma, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees.

131.    That Defendants, their agents, servants, officers, police officers and/or employees, acting under the color of law, were under a duty to ensure that Plaintiff's rights were not violated and that their officers including Defendant Rajan herein, did not abuse his power, position, trust and authority as a New York City Police Officer to unlawfully assault, batter, threaten, harass, and/or use excessive force against Plaintiff and to cause Plaintiff physical injuries therfrom.

132.    That at all times herein mentioned, the Defendants, in their foregoing acts, conduct, omissions and/or negligence, acted in concert with one another, within the scope of their employment as NYPD officers, under color of law and in their position, title, rank, power, trust and authority as NYPD officers against Plaintiff herein.

133.    That as a direct and proximate result of the Defendants' actions, conduct, negligence, intentional acts and/or omissions while Defendants were acting under the color of law, Defendants unlawfully subjected Plaintiff MARCO TRUJILLO to assault, battery, cruel and unusual punishment, unlawful excessive force, unlawful retaliation, false charges/prosecution on false departmental charges, unlawful modification of duty, unlawful constructive termination, reduction/loss of pay/salary/overtime/benefits/position/title/rank, violation of his due process rights and equal protection under the law in violation of Plaintiff's Federal rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as his State Constitution rights.

134.    That as a direct and proximate result of the Defendants, their agents, servants, officers, police officers and/or employees' actions, conduct, negligence, intentional acts and/or omissions while acting under the color of law, Plaintiff MARCO TRUJILLO was also subjected

to severe pain and suffering and physical injury including, but not limited to: a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, that required medical care/treatment, pain and suffering, mental anguish, shock, emotional distress (intentional and negligent) psychological trauma, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees and, as such, the Plaintiff claims damages for the injuries set forth above.

135.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## AS AND FOR A FIFTH CAUSE OF ACTION
### 42 U.S.C. Section 1983: VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT FEDERAL CONSTITUTIONAL RIGHTS AND STATE CONSTITUTIONAL RIGHT

136.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "135" with the same force and effect as if set forth at length herein.

137.    That pursuant to the 8th Amendment of the United States Constitution and the Constitution of the State of New York, the Plaintiff has a lawful State and Federal Constitutional Right to be free from cruel and unusual punishment/excessive force.

138.    The Defendants, their agents, servants, officers, police officers, and/or employees are duty and lawfully bound to honor and respect the Plaintiff's State and Federal Constitutional Rights, including Plaintiff's 8th Amendment Constitutional Right to be free from cruel and unusual punishment/excessive force and her Fourteenth Amendment right to due process of law.

139.    The Defendants, their agents, servants, officers, police officers, and/or employees are duty and lawfully bound to refrain from acts, conduct and/or omissions which offend the

42

concept of decency and human dignity as it relates to the custody and control that the Defendants, their agents, servants, officers, police officers and/or employees, including Defendant Rajan, possessed over the Plaintiff at the time Plaintiff sustained the within injuries.

140.    That Defendants, their agents, servants, officers, police officers and/or employees, acting under the color of law, were under a duty to ensure that Plaintiff's rights were not violated and that their officers including Defendant Rajan herein, did not abuse his power, position, trust and authority as a New York City Police Officer to unlawfully assault, batter, use excessive force and/or violence against Plaintiff and/or to unlawfully cause him physical injury therefrom.

141.    That Defendants have a duty to ensure that their police officers, including Plaintiff herein, are free from the use of excessive force, assault, battery and violence by other police officers including Defendant Rajan herein.

142.    That Defendants have a duty to ensure that their police officers including Defendant Rajan herein, do not have a propensity for violence, assault, battery or use of excessive force against others including against other police officers like Plaintiff herein.

143.    That Defendants have a duty to ensure that their police officers, including Defendant Rajan herein, do not abuse their title/rank/position/trust/authority/employment as a NYPD officer to commit acts of violence, assault, battery and/or use of excessive force against other citizens including other police officers like Plaintiff herein.

144.    That Defendants have a duty to properly, thoroughly and adequately investigate complaints about acts of violence, assault, battery and/or use of excessive force committed by one if their police officers including Defendant Rajan and including Plaintiff's prior and repeated complaints about Defendant Rajan herein.

145.    That Defendants have a duty to ensure that a NYPD officer who commits assault/battery/violence/use of excessive force is properly and adequately charged/prosecuted and that said offending officer is not allowed to remain on duty whereby said officer poses a danger, threat, harm, hazard to the risk of the safety, well being, health and lives of other citizens including other NYPD officers like Plaintiff herein.

146.    That Defendants have a duty to ensure that there is no cover up of the unlawful acts of any of their police officers including of Defendant Rajan and that the victim of any such unlawful acts, like Plaintiff herein, are not falsely accused of offenses that he did not commit in any attempt to cover up the true wrong visited upon him, or in an unlawful effort to retaliate against him or in any unlawful effort to constructively terminate him as they unlawfully did to the Plaintiff herein.

147.    That Defendants breached that duty owed to Plaintiff by violating his Federal and State Constitutional rights to be free from cruel and unusual punishment/excessive force/assault/battery and by violating his right to due process of law.

148.    That Defendants, their agents, servants, officers, police officers and/or employees, acting under the color of law, were under a duty to ensure that Plaintiff's rights were not violated and that their officers including Defendant Rajan herein, did not abuse his power, position, trust and authority as a New York City Police Officer to unlawfully assault, batter, use excessive force and/or violence against Plaintiff and/or to unlawfully cause him physical injury therefrom.

149.    As a direct and proximate result of the Defendants, their servants, agents, officers, police officers and/or employees' actions, conduct, negligence and/or omissions and breach of their duties owed to Plaintiff, Plaintiff MARCO TRUJILO was caused to be unlawfully assaulted, battered, the victim of the use excessive force and/or violence against him to suffer

44

and sustain physical injuries therefrom, to undergo required medical treatment including surgery, to be falsely charged/prosecuted by the NYPD in departmental proceedings, to be unlawfully retaliated against, to be unlawfully modified as to his duty, to have his pay/salary/overtime reduced based on the unlawful modification, to be unlawfully constructively terminated and to lose his position/title/rank/employment/salary/benefits/overtime pay/pay/shield/authority as a NYPD officer and to otherwise be unlawfully discriminated against based upon his race, color, national origin and ethnicity.

150.    As a direct and proximate result of the foregoing, Plaintiff MARCO TRUJILLO suffered injuries including, but not limited to: a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, that required medical care/treatment, pain and suffering, mental anguish, shock, emotional distress (intentional and negligent) psychological trauma, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees and, as such, the Plaintiff claims damages for the injuries set forth above.

151.    That as a direct and proximate result of the Defendants' actions, conduct, negligence, intentional acts and/or omissions and/or breach of their duties owed to Plaintiff, while Defendants were acting under the color of law, Defendants unlawfully subjected Plaintiff MARCO TRUJILLO to cruel and unusual punishment, unlawful excessive force, assault, battery, false charges/prosecution, unlawful modification of duty and unlawful constructive termination and the subsequent and consequential economic damages therefrom, violation of his due process rights and equal protection under the law in violation of Plaintiff's Federal rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as his State Constitution rights.

152.    That as a direct and proximate result of the Defendants, their agents, servants, officers, police officers and/or employees' actions, conduct, negligence, intentional acts and/or omissions and/or breach of the duties they owed to Plaintiff, while acting under the color of law, Plaintiff MARCO TRUJILLO was also subjected to physical injuries and severe pain and suffering and, as such, the Plaintiff claims damages for the injuries set forth above.

153.    That as a direct and proximate result of the Defendants, their agents, servants, officers, police officers and/or employees' conduct, actions and/or omissions and/or beach of the duties they owed to Plaintiff, including of Defendant Rajan herein, all while acting under color of law, Plaintiff claims damages herein for the injuries set forth above.

## AS AND FOR A SIXTH CAUSE OF ACTION
### 42 U.S.C. Section 1983—CONSPIRACY

154.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "153" with the same force and effect as if set forth at length herein.

155.    That the individual Defendants, including Defendant Rajan herein, acting under color of law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass, intimidate, coerce, hit strike, assault, batter, beat, falsely charge/falsely prosecute, modify, retaliate against and constructively terminate Plaintiff MARCO TRUJILLO thereby denying the Plaintiff the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from cruel and unusual punishment and to be free from unreasonable and excessive force and the right to due process of law.

156.    The individual Defendants, including Defendant Rajan herein, acting under color of law, conspired with each other to undertake a course of conduct to intentionally and

maliciously deny the Plaintiff his rights herein and to have Plaintiff be injured and suffer the personal, physical, psychological and economic injuries/damages he sustained as a direct and proximate result therefrom; in violation of Plaintiffs' constitutional rights including the right to due process, to be free from cruel and unusual punishment and to be free from excessive and unreasonable force.

157. That as a direct and proximate result of the foregoing, Plaintiff claims damages herein for the injuries set forth above including, but not limited to: assault, battery, cruel and unusual punishment, unlawful excessive force, unlawful retaliation, false charges/prosecution on false departmental charges, unlawful modification of duty, unlawful constructive termination, unlawful discrimination, unlawful hostile work environment, reduction/loss of pay/salary/overtime/benefits/position/title/rank, violation of his due process rights and equal protection under the law in violation of Plaintiff's Federal rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as his State Constitution rights, as well as, severe pain and suffering and physical injury including, but not limited to: a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, that required medical care/treatment, pain and suffering, mental anguish, shock, emotional distress (intentional and negligent) psychological trauma, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees.

158. That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### 42 U.S.C. Section 1983—SUPERVISORY LIABILITY

159.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "158" with the same force and effect as if set forth at length herein.

160.    The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to oversee the actions/conduct of each other.

161.    Defendants the City of New York and New York City Police Department, at all relevant times herein, are responsible for the hiring, training, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every New York City Police Department Officer and, in particular, Defendant Rajan and the other individually named Defendants herein, to wit: Defendants Urprasad, D'Adamo, Purtell, Danberry, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke nd "John Does.

162.    Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" herein were reasonably foreseeable and/or reasonably likely to occur.

163.    The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional, negligent, reckless, egregious and/or malicious actions, conduct and/or omissions committed against Plaintiff MARCO TRUJILLO as stated above in detail, thereby causing the Plaintiff damages and injuries including, but not limited to: assault, battery,

cruel and unusual punishment, unlawful excessive force, unlawful retaliation, false charges/prosecution on false departmental charges, unlawful modification of duty, unlawful constructive termination, unlawful discrimination, unlawful hostile work environment, reduction/loss of pay/salary/overtime/benefits/position/title/rank, violation of his due process rights and equal protection under the law in violation of Plaintiff's Federal rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as his State Constitution rights, as well as, severe pain and suffering and physical injury including, but not limited to:  a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, that required medical care/treatment, pain and suffering, mental anguish, shock, emotional distress (intentional and negligent) psychological trauma, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees.

164.    That had the Defendants taken appropriate action and/or exercised their duty in a reasonable and not in a negligent manner, the violation of Plaintiff's constitutional rights would not have occurred.

165.    That the failure of the Defendants in failing to and/or improperly and/or inadequately screening, supervising, training, managing, controlling, overseeing and/or disciplining Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" named herein directly and proximately caused injury and damages to the Plaintiff.

166.    By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York and New York City Police Department deprived Plaintiff of his constitutional rights including the right to be free from excessive and

unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law, the right to due process and the right to the enjoyment of life, liberty, property and the pursuit of happiness.

167.   By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York and New York City Police Department,  and Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,   Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" deprived Plaintiff of his State and Federal Constitutional rights including, but not limited to, the right to be free from excessive and unreasonable force, his right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process which directly and proximately caused injury and damages to the Plaintiff herein.

168.   That as a direct and proximate result of the foregoing, Plaintiff claims damages herein for the injuries set forth above herein.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### 42 U.S.C. Section 1983-MONEL CLAIM

169.   Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "168" with the same force and effect as if set forth at length herein.

170.   Prior to 2012, and, in particular prior to April 18, 2013 and April 19, 2013, Defendants the City of New York and New York City Police Department, through their official policy-makers, developed, created, facilitated, encouraged, enabled and/or maintained policies, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens like Plaintiff MARCO TRUJILLO herein -- the very policies, practices and/or customs which

caused and/or contributed to the violation of Plaintiff's State and Federal Constitutional Rights complained of herein.

171.    It was the policy, practice and/or custom of Defendants the City of New York and New York City Police Department to inadequately and/or improperly investigate the complaints of citizens, including Plaintiff herein as a fellow NYPD officer, about/of/regarding abuse of authority, abuse of power, abuse of trust, abuse of position, false departmental charges, false departmental prosecutions, assault, battery, violence and the use of excessive force by/of the Defendants' officers including and in particular, of/by Defendant Rajan, and/or of the efforts by other NYPD officers/supervisors to cover up said unlawful acts of/by their officers including and in particular to cover up those unlawful acts of Defendant Rajan, and/or the efforts of/by the Defendants' officers/supervisors to accuse and charge the victim of such unlawful acts in further reffort to cover up/nullify the unlawful acts committed by their police officers including and in particular, those unlawful acts committed by Defendants Rajan.

172.    Instead, acts of extreme violence, assault, battery, excessive force, misconduct, harassment, abuse of power, abuse of trust, abuse of authority, abuse of position, abuse of title, abuse of rank, false departmental charges and prosecution and failure/denial to take corrective, preventative and/or remedial actions in response to same, as well as failure to properly investigate prior complaints about same exceeding that of human decency and the cruel and inhumane treatment of citizens like Plaintiff continue to occur and exist and to be perpetuated/facilitated/maintained and enabled by the Defendants City of New York and New York City Police Department in violation of the State and Federal Constitution and were further tolerated, encouraged, facilitated, uncorrected and/or unpunished by Defendants the City of New York and the New York City Police Department. The foregoing Defendants have substantially

failed to investigate and intentionally, and with deliberate indifference, failed to discipline police officers including Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" who violated the State and Federal Constitutional Rights of citizens like Plaintiff herein.

173.   It was the policy, practice and/or custom of Defendants the City of New York and the New York City Police Department to inadequately and/or improperly screen and hire police officers who are known, or with reasonable diligence should be known, to possess violent propensity, the propensity to commit official misconduct, the propensity to abuse their power, position, trust and/or authority as a New York City Police Officer, the propensity to falsely charge/prosecute and/or the propensity and/or actuality to unlawfully assault, batter, choke, strike, hit, beat and otherwise unlawfully use excessive force against citizens like Plaintiff herein, the propensity to violate the State and Constitutional Rights of citizens, the propensity to engage in excessive punishment/excessive force  against citizens, the propensity to ignore the medical needs of those they have injured, the propensity to subject citizens to cruel and inhumane punishment/ excessive force, the propensity to harass citizens, the propensity to retaliate against citizens, the propensity to cover up unlawful acts of fellow NYPD officers and other acts of abuse of power and authority/official misconduct all while acting under the color of law.  The foregoing Defendants have substantially failed to screen and reject such police officers including Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,   Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" herein.

174.   It was the policy, practice and/or custom of the Defendants City of New York and the New York City Police Department to inadequately and improperly train and supervise police

officers like Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,    Ariola,

Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John

Does" herein who are known, or with reasonable diligence should be known, to be actively

engaged in misconduct/violence/unlawful conduct by, among other actions and/or omissions,

failing to investigate and punish improper/unlawful conduct of police officers; thereby failing to

discourage constitutional violations on the part of their officers, as those visited upon Plaintiff as

set forth herein.

175.    Defendants the City of New York and the New York City Police Department have

been on notice for years that harassment, assault, battery, official misconduct, abuse of power,

abuse of trust, abuse of authority, use of excessive force, false departmental charges/prosecution,

retaliation, violence, cover ups of unlawful police conduct, discrimination and/or violations of

citizens' State and Federal Constitutional Rights are widespread prior to the wrong that was

visited upon the Plaintiff herein and that particular reforms need to be implemented.

176.    It was the policy, practice and/or custom of Defendants the City of New York and

New York City Police Department to inadequately and/or improperly screen, hire, retain, train,

supervise, manage, control, oversee and/or discipline their officers including those named herein

as Defendants, to wit: Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola,

Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John

Does"; thereby failing to discourage State and Federal Constitutional violations on the part of

their officers such as those visited upon Plaintiff as set forth herein.

177.    Defendants the City of New York and New York City Police Department, as a

matter of policy, custom and/or practice have, with deliberate indifference, failed to

adequately/properly screen for hiring and retention and failed to discipline, train or otherwise

supervise officers concerning the rights of citizens/arrestees such as Plaintiff herein, thereby causing the Defendant officers in this case, to wit: Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" to engage in the unlawful actions, conduct and/or omissions against Plaintiff as described herein.

178.    The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm/injury/violence to/against citizens like Plaintiff herein and the cover up thereafter, and the need for supplemental or different training, discipline, policies, practices and/or customs of Defendants the City of New York and New York City Police Department, caused their officers, including Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" to believe that they can violate the rights of citizens like Plaintiff herein with impunity; thereby foreseeably allowing officers to violate the State and Federal Constitutional rights of citizens such as Plaintiff herein.

179.    As a direct and proximate result of the Defendants' deliberate indifference, Defendants violated Plaintiff's aforementioned State and Federal Constitutional Rights and caused the Plaintiff to suffer substantial harm and injury including, but not limited to: assault, battery, cruel and unusual punishment, unlawful excessive force, unlawful retaliation, false charges/prosecution on false departmental charges, unlawful modification of duty, unlawful constructive termination, unlawful discrimination, unlawful hostile work environment, reduction/loss of pay/salary/overtime/benefits/position/title/rank, violation of his due process rights and equal protection under the law in violation of Plaintiff's Federal rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as his State

Constitution rights, as well as, severe pain and suffering and physical injury including, but not limited to:   a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, that required medical care/treatment, pain and suffering, mental anguish, shock, emotional distress (intentional and negligent) psychological trauma, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees and, otherwise violated the State and Federal Constitutional rights of the Plaintiff.

180.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein for the injuries set forth above.

## AS AND FOR AN NINTH CAUSE OF ACTION
## 42 U.S.C. Section 1983/1986 ACTION FOR NEGLECT/FAILURE TO PREVENT

181.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "180" with the same force and effect as if set forth at length herein.

182.    Defendants the City of New York, the New York City Police Department and Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,   Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, Romero, Thieleke and "John Does" had knowledge and/or information that they did not have/possess the justification, authority and/or permission to unlawfully assault Plaintiff, batter Plaintiff, exercise cruel and unusual punishment against Plaintiff, use excessive force against Plaintiff, unlawfully retaliate against Plainitff, unlawfully discriminate against Plaintiff, unlawfully create and maintain a hostile work environment for Plaintiff, harass Plaintiff, threaten Plaintiff, file false charges against Plaintiff, falsely prosecute Plaintiff, unlawfully modify his duty, reduce his salary/pay/overtime,

unlawfully         constructively         terminate,         eliminate         his title/rank/authority/position/employment/salary/pay/overtime/benfits, violate his due process rights and equal protection under the law, nor, to directly and proximately cause therefrom injuries/damages to the Plaintiff including, but not limited to: violation of Plaintiff's Federal rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as his State Constitution rights and severe pain and suffering and physical injury including, but not limited to: a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, that required medical care/treatment, pain and suffering, mental anguish, shock, emotional distress (intentional and negligent) psychological trauma, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees.

183.    Defendants the City of New York, New York City Police Department and Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" each individually and collectively, had the power and authority to prevent the others individually and/or collectively from engaging in the aforementioned actions, conduct and/or omissions against the Plaintiff and each Defendant, individually and acting in concert with the other, willfully, intentionally and/or negligently neglected and/or refused to prevent the other from engaging in the aforementioned acts/conduct/omissions against Plaintiff herein.

184.    The Defendants' willful and deliberate failure to act when they each had a duty to do so was the actual, direct and/or proximate cause of the injuries and damages Plaintiff suffered and continues to suffer herein.

185.    That as a direct and proximate result of the foregoing, Plaintiff claims damages

herein for the injuries set forth above.

## AS AND FOR A TENTH CAUSE OF ACTION
### 42 USC §1983 - FAILURE TO INTERCEDE

186.   Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "185" with the same force and effect as if set forth at length herein.

187.   By their continuing conduct  as detailed above, culminating in Defendants' constructively terminating Plaintiff on or about December 1, 2013, under color of state law, Defendants each individually and collectively, had opportunities to intercede on behalf of Plaintiff to prevent the unlawful conduct committed against him as set forth in detail above, including, but not limited to the unlawful, unreasonable and excessive, cruel and inhumane treatment that Plaintiff suffered, the unlawful retaliation, the unlawful discrimination and hostile work environment and the unlawful adverse employment actions of modified duty, reduction in pay and constructive termination, and to prevent the other violations of the State and Federal Constitutional Rights of the Plaintiff but, due to Defendants' intentional conduct, negligence, breach of duty and/or deliberate indifference, Defendants declined, failed or refused to do so.

188.   As a direct and proximate result of Defendants' conduct, acts and/or omissions, Plaintiff suffered the injuries and damages set forth and described above including, but not limited to: assault, battery, cruel and unusual punishment, unlawful excessive force, unlawful retaliation, false charges/prosecution on false departmental charges, unlawful modification of duty, unlawful constructive termination, unlawful discrimination, unlawful hostile work environment, reduction/loss of pay/salary/overtime/benefits/position/title/rank, violation of his due process rights and equal protection under the law in violation of Plaintiff's Federal rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as his

State Constitution rights, as well as, severe pain and suffering and physical injury including, but not limited to:  a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, that required medical care/treatment, pain and suffering, mental anguish, shock, emotional distress (intentional and negligent) psychological trauma, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees and to otherwise violate the State and Federal Constitutional rights of the Plaintiff, to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein.

189.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein for the injuries set forth above.

## PENDENT STATE CLAIMS

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

190.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "189" with the same force and effect as if set forth at length herein.

191.    By their conduct, acts, omissions, negligence and/or breach of duty owed to Plaintiff, under color of state law, Defendants named herein each individually and collectively, under color of law, conspired with each other to undertake a course of conduct to, with deliberate indifference and reckless disregard for the life, safety, health and rights of Plaintiff MARCO TRUJILLO by unlawfully, each individually and collectively, in intentionally and maliciously falsely charging, prosecuting and modifying Plaintiff and the subsequent and consequential reduction in Plaintiff's salary and overtime pay, and in their intentional acts to cover up the

assault committed against Plaintiff by Defendant Rajan, in failing to charge/prosecuting Defendant Rajan with the assault of Plaintiff, in failing to investigate Plaintiff's previous complaints about Defendant Rajan and said Defendant's violence, in failing to investigate Defendant Rajan's assault of Plaintiff, in retaining Defendant Rajan in their employ despite Plaintiff's prior complaints and despite Defendant Rajan's prior violent conduct, assaulting/battering and use of excessive force by Defendant Rajan against Plaintiff, in unlawfully retaliating against Plaintiff for exercising his right to complain about the workplace including complaints about Defendant Rajan and said Defendant' prior violence, in unlawfully retaliating against Plaintiff by modifying Plaintiff's duty thereby causing a reduction in salary/pay/overtime and in the Defendants' unlawful constructive termination of Plaintiff from his employment thereby unlawfully denying him title/position/rank/salary/pay/overtime/benefits, without justification, and thereby causing him to suffer and sustain personal, physical, psychological and economic damages/injuries as stated above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein, and, to otherwise violated the State and Federal Constitutional rights of the Plaintiff, to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein.

192.    That as a direct and proximate result of the foregoing unlawful acts, conduct

and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees, officers, police officers and/or employees, and in particular Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" violated Plaintiff's State Constitutional rights herein to due process of law, equal protection under the law and to be free from excessive force/cruel and inhumane treatment and to otherwise caused the Plaintiff to be damaged/injured herein as set forth above.

193.    That as a direct and proximate result of the foregoing, Defendants, acting under color of law, caused Plaintiff to suffer injuries including, but not limited to: excessive force/cruel and inhumane treatment, assault, battery, cruel and unusual punishment, unlawful excessive force, unlawful retaliation, false charges/prosecution on false departmental charges, unlawful modification of duty, unlawful constructive termination, unlawful discrimination, unlawful hostile work environment, reduction/loss of pay/salary/overtime/benefits/position/title/rank, violation of his due process rights and equal protection under the law in violation of Plaintiff's Federal rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as his State Constitution rights, as well as, severe pain and suffering and physical injury including, but not limited to:  a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, that required medical care/treatment, pain and suffering, mental anguish, shock, emotional distress (intentional and negligent) psychological trauma, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees.

194.    That Defendants, acting in concert one with the other, engaged in the foregoing actions, conduct and/or omissions complained of herein  and intentionally placed Plaintiff in fear

60

of his physical safety, health, well being and life and, as such, negligently and recklessly caused Plaintiff to suffer emotional distress.

195.    That Defendants, acting in concert one with the other, by engaging in the foregoing actions, conduct and/or omissions complained of herein, negligently inflicted emotional distress on the Plaintiff.

196.    That Defendants, acting in concert one with the other, by their foregoing acts, conduct and/or omissions, engaged in conduct that was outrageous and shocking to the human decency.

197.    At all times herein mentioned, the foregoing unlawful conduct, acts and/or omissions by Defendants against Plaintiff was without justification or cause, without permission and/or authority and was committed forcibly, unlawfully and against the Plaintiff's will.

198.    All of the foregoing occurred without fault and/or provocation on the part of the Plaintiff herein.

199.    At all relevant times herein, Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" were employees of Defendants the City of New York and New York City Police Department and, as such, the City of New York and New York City Police Department are liable under the doctrine of *respondeat superior* for their tortuous actions, intentional and/or the negligent conduct, actions and/or omissions of said individually named Defendants.

200.    Defendants, their officers, agents, servants, officers, police officers and/or employees were responsible for the intentional and/or negligent infliction of emotional distress

suffered by the Plaintiff herein..

201.    Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,    Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does"  were at all times herein mentioned agents, servants, officers, police officers and/or employees of Defendants the City of New York and New York City Police Department and were at all times herein complained of herein, acting within the scope of their employment and under the color of law in intentionally and/or negligently causing Plaintiff to suffer emotional distress.

202.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein for the injuries set forth above.

203.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

204.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "203" with the same force and effect as if set forth at length herein.

205.    That, by their foregoing acts, conduct and/or omissions, the Defendants engaged in extreme and outrageous conduct intentionally causing Plaintiff severe emotional distress.

206.    That Defendants, acting in concert one with the other, engaged in the foregoing actions, conduct and/or omissions complained of herein and intentionally placed Plaintiff in fear of his physical safety/health/life with the specific intent to intentionally inflict emotional distress on the Plaintiff and, as such, intentionally and recklessly caused Plaintiff to suffer emotional distress.

207.    That at all relevant times herein, Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" were/are employees of Defendants the City of New York and New York City Police Department and, as such, Defendants the City of New York and New York City Police Department are liable under the doctrine of *respondeat superior* for their tortuous actions, intentional acts/conduct/omissions and/or the negligent conduct and/or omissions of the Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" named herein.

208.    Defendants, their officers, agents, servants, officers, police officers and/or employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff herein.

209.    Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" were at all times herein mentioned, agents, servants, officers, police officers and/or employees of Defendants the City of New York and New York City Police Department and were at all times herein complained of, acting within the scope of their employment and under the color of law in intentionally and/or negligently causing Plaintiff to suffer emotional distress.

210.    Defendants, their officers, agents, servants, officers, police officers and/or employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff.

211.    As a direct and proximate result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and

through their agents, servants, licensees, officers, police officers and or employees, and in particular Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" unlawfully, intentionally and maliciously falsely charged, prosecuted and modified Plaintiff and the subsequent and consequential reduction in Plaintiff's salary and overtime pay, intentionally acted to cover up the assault committed against Plaintiff by Defendant Rajan, failed to charge/prosecute Defendant Rajan with the assault of Plaintiff, failed to investigate Plaintiff's previous complaints about Defendant Rajan and said Defendant's violence, failed to investigate Defendant Rajan's assault of Plaintiff, retained Defendant Rajan in their employ despite Plaintiff's prior complaints and despite Defendant Rajan's prior violent conduct, assaulted/battered and used excessive force by Defendant Rajan against Plaintiff, retaliated against Plaintiff for exercising his right to complain about the workplace including complaints about Defendant Rajan and said Defendant' prior violence, retaliated against Plaintiff by modifying Plaintiff's duty thereby causing a reduction in salary/pay/overtime, discriminated against Plaintiff, created/maintained/perpetuated a hostile work environment against Plaintiff, unlawfully constructively terminated Plaintiff from his employment thereby unlawfully denying him title/position/rank/salary/pay/overtime/benefits, without justification, and thereby causing him to suffer and sustain personal, physical, psychological and economic damages/injuries as stated above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of

attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein, and, otherwise violated the State and Federal Constitutional rights of the Plaintiff, further subjected the Plaintiff to cruel and inhumane treatment/excessive force and otherwise violated the constitutional rights of the Plaintiff herein.

212.    As a direct and proximate result of the foregoing, Defendants caused Plaintiff to suffer and continue to suffer injuries and damages herein.

213.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

214.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

215.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "214" with the same force and effect as if set forth at length herein.

216.    The Defendants the City of New York and New York City Police Department had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to supervise, manage, control and/or oversee the actions/conduct of each other including, but not limited to Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" named herein.

216.    The Defendants the City of New York and New York City Police Department were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every

one of their officers and, in particular, Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" herein named.

217.    The Defendants the City of New York and New York City Police Department were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of their officers and, in particular, Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" who, acting in concert each with the other intentionally and maliciously unlawfully falsely charged, prosecuted and modified Plaintiff and the subsequent and consequential reduction in Plaintiff's salary and overtime pay, intentionally acted to cover up the assault committed against Plaintiff by Defendant Rajan, failed to charge/prosecute Defendant Rajan with the assault of Plaintiff, failed to investigate Plaintiff's previous complaints about Defendant Rajan and said Defendant's violence, failed to investigate Defendant Rajan's assault of Plaintiff, retained Defendant Rajan in their employ despite Plaintiff's prior complaints and despite Defendant Rajan's prior violent conduct, assaulted/battered and used excessive force by Defendant Rajan against Plaintiff, retaliated against Plaintiff for exercising his right to complain about the workplace including complaints about Defendant Rajan and said Defendant' prior violence, retaliated against Plaintiff by modifying Plaintiff's duty thereby causing a reduction in salary/pay/overtime, discriminated against Plaintiff, created/maintained/perpetuated a hostile work environment against Plaintiff, unlawfully constructively terminated Plaintiff from his employment thereby unlawfully denying him title/position/rank/salary/pay/overtime/benefits, without justification, and thereby causing him to suffer and sustain personal, physical,

psychological and economic damages/injuries as stated above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein, and, otherwise violated the State and Federal Constitutional rights of the Plaintiff, further subjected the Plaintiff to cruel and inhumane treatment/excessive force and otherwise violated the constitutional rights of the Plaintiff herein.

218.    The Defendants the City of New York and New York City Police Department were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of their officers and, in particular, Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" who, by their conduct/acts/omissions herein, under color of state law, each individually and collectively, under color of law and with the malicious intent of denying Plaintiff the equal protection of the laws of the State of New York and the United States of America and with intent to subject the Plaintiff to cruel and inhumane treatment/excessive force in violation of the Constitution of the State of New York, unlawfully falsely charged, prosecuted and modified Plaintiff and the subsequent and consequential reduction in Plaintiff's salary and overtime pay, intentionally acted to cover up the assault committed against Plaintiff by Defendant Rajan, failed to charge/prosecute Defendant Rajan with the assault of Plaintiff, failed to investigate Plaintiff's

previous complaints about Defendant Rajan and said Defendant's violence, failed to investigate Defendant Rajan's assault of Plaintiff, retained Defendant Rajan in their employ despite Plaintiff's prior complaints and despite Defendant Rajan's prior violent conduct, assaulted/battered and used excessive force by Defendant Rajan against Plaintiff, retaliated against Plaintiff for exercising his right to complain about the workplace including complaints about Defendant Rajan and said Defendant' prior violence, retaliated against Plaintiff by modifying Plaintiff's duty thereby causing a reduction in salary/pay/overtime, discriminated against Plaintiff, created/maintained/perpetuated a hostile work environment against Plaintiff, unlawfully constructively terminated Plaintiff from his employment thereby unlawfully denying him title/position/rank/salary/pay/overtime/benefits, without justification, and thereby causing him to suffer and sustain personal, physical, psychological and economic damages/injuries as stated above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein and otherwise violated the State and Federal Constitutional rights of the Plaintiff, further subjected the Plaintiff to cruel and inhumane treatment/excessive force and otherwise violated the constitutional rights of the Plaintiff herein.

219.    That by their acts, conduct and/or omissions herein, Defendants caused Plaintiff to incur, and to continue to incur, pain and suffering and otherwise acted with deliberate indifference and/or reckless disregard for Plaintiff's human life, safety, health, rights and/or well

being -- in blatant violation of the 8th Amendment of the Constitution of the United States of America and the Constitution of the State of New York.

220.    The Defendants the City of New York and New York City Police Department knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" would likely occur.

221.    The Defendants the City of New York and New York City Police Department failed to take preventive and/or undertake remedial measures to guard against the unlawful acts complained of herein of their servants, agents, officers, police officers, employees, including Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,    Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" and to prevent the violation of the constitutional rights of the Plaintiff.

222.    Had the Defendants the City of New York and New York City Police Department taken appropriate action and/or exercised their duty in a reasonable manner, and not in a negligent and/or intentionally malicious/unlawful manner, the violation of Plaintiff's constitutional rights would not have occurred.

223.    The failure of the Defendants the City of New York and New York City Police Department, in failing to and/or improperly/inadequately screening, supervising, training, managing, controlling, overseeing and/or disciplining Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,    Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" herein named was a direct and proximate cause of Plaintiff's injuries and a direct and proximate cause of the violation of the Plaintiff's State and

Federal Constitutional Rights.

224.    By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York and New York City Police Department deprived Plaintiff of his constitutional rights, including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

225.    The Defendants the City of New York and New York City Police Department were, at all relevant times herein, negligent in the hiring, retention, training, supervision, management and/or control of the individual Defendants named herein including Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,  Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does".

226.    That the Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages herein.

227.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

228.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein for the injuries set forth above.

## AS AND FOR A FOURTEENTH  CAUSE OF ACTION AGAINST ALL DEFENDANTS

229.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "228" with the same force and effect as if set forth at length herein.

230.    As a result of the foregoing unlawful actions, conduct and/or omissions of the

Defendants herein, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, failed to intervene and/or prevent the aforementioned unlawful conduct inflicted against Plaintiff.

231.    As a result of the foregoing, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, displayed a deliberate indifference to human life and, in particular, to Plaintiff's' right to be free from excessive and unreasonable force, cruel and unusual punishment, assault, battery, misconduct, harassment and/or excessive force.

232.    That the Defendants' unlawful actions, conduct and/or omissions against Plaintiff is in violation of Plaintiff's rights pursuant to Article One, Section Twelve of the New York State Constitution.

233.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

234.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein for the injuries set forth above.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### DEFENDANTS THE CITY OF NEW YORK'S AND NEW YORK CITY POLICE DEPARTMENT'S FAILURE TO TRAIN, SUPERVISE, MANAGE &/OR CONTROL

235.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "234" with the same force and effect as if set forth at length herein.

236.    Defendants the City of New York and New York City Police Department have/had a duty to supervise, manage, oversee, maintain, control and/or train their employees, servants, officers, police officers and/or agents including, but not limited to Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, Romero, Thieleke and "John Does" named herein.

237.    Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan,    Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, .Romero, Thieleke and "John Does" were/are employees, servants, officers, police officers and/or agents of the Defendants the City of New York and the New York City Police Department.

238.    Defendants the City of New York and New York City Police Department are negligent in that they failed their duty to supervise, manage, oversee, maintain, control and/or train their employees, servants, officers, police officers and/or agents, particularly, Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, Romero, Thieleke and "John Does" so that the Defendants, their employees, agents, officers, police officers and/or servants would be aware that it is unlawful to assault, choke, batter, hit, strike, use excessive force against, use cruel and inhumane treatment against Plaintiff, falsely charge and prosecute and modify Plaintiff and the subsequent and consequential reduction in Plaintiff's salary and overtime pay, intentionally act to cover up the assault committed against Plaintiff by Defendant Rajan, fail to charge/prosecute Defendant Rajan with the assault of Plaintiff, fail to investigate Plaintiff's previous complaints about Defendant Rajan and said Defendant's violence, fail to investigate Defendant Rajan's assault of Plaintiff, retain Defendant Rajan in their employ despite Plaintiff's prior complaints and despite Defendant Rajan's prior violent conduct, assault/batter and use excessive force by Defendant Rajan against

Plaintiff, retaliate against Plaintiff for exercising his right to complain about the workplace including complaints about Defendant Rajan and said Defendant' prior violence, retaliate against Plaintiff by modifying Plaintiff's duty thereby causing a reduction in salary/pay/overtime, discriminate against Plaintiff, create/maintain/perpetuate a hostile work environment against Plaintiff, unlawfully constructively terminate Plaintiff from his employment thereby unlawfully denying him title/position/rank/salary/pay/overtime/benefits, without justification, and thereby causing him to suffer and sustain personal, physical, psychological and economic damages/injuries as stated above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein and otherwise violated the State and Federal Constitutional rights of the Plaintiff, further subjected the Plaintiff to cruel and inhumane treatment/excessive force and otherwise violated the constitutional rights of the Plaintiff herein.

239.     Defendants the City of New York and New York City Police Department's negligence was a direct and proximate cause of the harm/damages/injuries visited upon the Plaintiff.

240.     Further, as a direct and proximate result of Defendants the City of New York and the New York City Police Department's negligence, Plaintiff suffered and continues to suffer injuries and/or damages.

241.     That at all times herein mentioned, the Defendants' conduct was an intentional

and willful violation of New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297.

242.    Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

243.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

244.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "243" with the same force and effect as if set forth at length herein.

245.    Defendants, their officers, agents, servants, officers, police officers and/or employees including Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, Romero, Thieleke and "John Does" are/were, at all time herein mentioned, agents, servants, officers, police officers and/or employees acting within the scope of their employment.

246.    Defendants engaged in extreme and outrageous conduct, intentionally, recklessly, and/or negligently causing Plaintiff to suffer severe emotional distress.

247.    As a direct result of Defendants' extreme and outrageous conduct, Plaintiff was caused to suffer and sustain psychological injuries including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma.

248.    As a direct result of Defendants' extreme and outrageous conduct, Plaintiff claims damages for the injuries set forth above.

249.    The Defendants further placed Plaintiff in fear of his physical safety and as such, negligently and recklessly caused Plaintiff to suffer emotional distress.

250.    Defendants, their officers, agents, servants, officers, police officers and/or employees including but not limited to Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, Romero, Thieleke and "John Does" were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff.

251.    The Defendants named herein were, at all times herein mentioned, agents, servants, officers, police officers and/or employees acting within the scope of their employment with Defendants the City of New York and the New York City Police Department in intentionally and/or negligently causing Plaintiff to suffer emotional distress.

252.    Defendants the City of New York and the New York City Police Department were responsible for the hiring, retention, supervision, management, and control of the foregoing individual Defendants herein including Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, Romero, Thieleke and "John Does" and, as such, are liable, pursuant to *respondeat superior,* for the acts, conduct and/or omissions of the foregoing individual Defendant officers named herein.

253.    Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

254.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### AGAINST DEFENDANT JOHN RAJAN FOR ASSAULT, BATTERY AND FALSE IMPRIOSNMENT

255.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "254" with the same force and effect as if set forth at length herein.

256.    That as a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees, officers, police officers and/or employees, and in particular by Defendant Rajan named herein, placed Plaintiff in apprehension and fear of imminent harmful and/or offensive contact and/or physical injury by having including, but not limited to: unlawfully and forcibly detaining, imprisoning, holding, pushing, choking, assaulting, hitting, striking, battering, and/or committed misconduct against him and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein and otherwise violated the State and Federal Constitutional rights of the Plaintiff, further subjected the Plaintiff to cruel and inhumane treatment/excessive force and otherwise violated the constitutional rights of the Plaintiff herein.

257.    That as a direct and proximate result of the foregoing, Defendant Rajan committed assault against Plaintiff herein and caused Plaintiff to suffer and sustain serious personal, physical and psychological injuries.

258.    As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees, officers, police officers and or employees, and in particular Defendant Rajan, unlawfully and forcibly detaining, imprisoning, holding, pushing, choking, assaulting, hitting, striking, battering, and/or committed misconduct against him and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein and otherwise violated the State and Federal Constitutional rights of the Plaintiff, further subjected the Plaintiff to cruel and inhumane treatment/excessive force and otherwise violated the constitutional rights of the Plaintiff herein.

259.    That as a direct and proximate result of the foregoing, Defendant Rajan committed battery against Plaintiff herein and caused Plaintiff to suffer and sustain serious personal, physical and psychological injuries.

260.    That as a direct and proximate result of the foregoing, in holding and detaining Plaintiff against his will while he unlawfully choked, struck, hit, assaulted and battered Plaintiff,

Defendants Rajan committed false imprisonment and caused Plaintiff to suffer and sustain serious personal, physical and psychological injuries.

261.   Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

262.   That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS BREACH OF DUTY OWED TO PLAINTIFF

263.   Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "262" with the same force and effect as if set forth at length herein.

264.   That at all times herein mentioned, Defendants owed Plaintiffs a duty to be free from unlawful assault, battery, false imprisonment, false charges, false prosecution, misconduct, use of excessive force, infliction of cruel and inhumane treatment and infliction of emotional distress and/or physical injury.

265.   That as a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, Defendants breached the duty they owed to Plaintiff.

266.   That Defendants' breach was a direct and proximate cause of Plaintiff's injuries including, but not limited to being: unlawfully and forcibly detained, held, falsely imprisoned, assaulted, battered, struck, hit, choked, falsely charged, falsely prosecuted and modified Plaintiff and the subsequent and consequential reduction in Plaintiff's salary and overtime pay, intentionally acted to cover up the assault committed against Plaintiff by Defendant Rajan, failed to charge/prosecute Defendant Rajan with the assault of Plaintiff, failed to investigate Plaintiff's

previous complaints about Defendant Rajan and said Defendant's violence, failed to investigate Defendant Rajan's assault of Plaintiff, retained Defendant Rajan in their employ despite Plaintiff's prior complaints and despite Defendant Rajan's prior violent conduct, assaulted/battered and used excessive force by Defendant Rajan against Plaintiff, retaliated against Plaintiff for exercising his right to complain about the workplace including complaints about Defendant Rajan and said Defendant' prior violence, retaliated against Plaintiff by modifying Plaintiff's duty thereby causing a reduction in salary/pay/overtime, discriminated against Plaintiff, created/maintained/perpetuated a hostile work environment against Plaintiff, unlawfully constructively terminated Plaintiff from his employment thereby unlawfully denying him title/position/rank/salary/pay/overtime/benefits, without justification, and thereby causing him to suffer and sustain personal, physical, psychological and economic damages/injuries as stated above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein and otherwise violated the State and Federal Constitutional rights of the Plaintiff, further subjected the Plaintiff to cruel and inhumane treatment/excessive force and otherwise violated the constitutional rights of the Plaintiff herein.

267.    The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant, including Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski,

Traynor, Basendello, Romero, Thieleke and "John Does" and had a responsibility to supervise, manage, control and/or oversee the actions/conduct of each other.

268.    The Defendants the City of New York and the New York City Police Department were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every one of their officers and, in particular, Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, Romero, Thieleke and "John Does" herein named.

269.    The Defendants the City of New York and New York City Police Department were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of their officers and, in particular, Defendants Rajan, Urprasad, D'Adamo, Purtell, Danberry, Rajan, Ariola, Papamichael, Mcnamara, Ebrahim, Piekarski, Traynor, Basendello, Romero, Thieleke and "John Does" who intentionally and maliciously, unlawfully and forcibly detained, held, falsely imprisoned, assaulted, battered, struck, hit, choked, falsely charged, falsely prosecuted and modified Plaintiff and the subsequent and consequential reduction in Plaintiff's salary and overtime pay, intentionally acted to cover up the assault committed against Plaintiff by Defendant Rajan, failed to charge/prosecute Defendant Rajan with the assault of Plaintiff, failed to investigate Plaintiff's previous complaints about Defendant Rajan and said Defendant's violence, failed to investigate Defendant Rajan's assault of Plaintiff, retained Defendant Rajan in their employ despite Plaintiff's prior complaints and despite Defendant Rajan's prior violent conduct, assaulted/battered and used excessive force by Defendant Rajan against Plaintiff, retaliated against Plaintiff for exercising his right to complain about the workplace including

complaints about Defendant Rajan and said Defendant' prior violence, retaliated against Plaintiff by modifying Plaintiff's duty thereby causing a reduction in salary/pay/overtime, discriminated against Plaintiff, created/maintained/perpetuated a hostile work environment against Plaintiff, unlawfully constructively terminated Plaintiff from his employment thereby unlawfully denying him title/position/rank/salary/pay/overtime/benefits, without justification, and thereby causing him to suffer and sustain personal, physical, psychological and economic damages/injuries as stated above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein and otherwise violated the State and Federal Constitutional rights of the Plaintiff, further subjected the Plaintiff to cruel and inhumane treatment/excessive force and otherwise violated the constitutional rights of the Plaintiff herein.

270.    The Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants would likely occur.

271.    The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and/or malicious acts, conduct and/or omissions by Defendants against Plaintiff as detailed above. Had the Defendants taken appropriate action and/or exercised their duty in a reasonable manner, and not in a negligent and/or intentionally malicious/unlawful manner, the violation of Plaintiff's constitutional rights would not have occurred.

272.    The failure of the Defendants the City of New York and the New York City

81

Police Department to actually, properly and/or adequately screen, supervise, train, manage, control, oversee and/or discipline Defendants caused injury to the Plaintiff.

273.    By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York and the New York City Police Department deprived Plaintiff of his constitutional rights  including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

274.    The Defendants the City of New York and the New York City Police Department were, at all relevant times herein, negligent in the hiring, retention, training, supervision, management and/or control of the individual Defendants named herein.

275.    That the Defendants' negligence and breach of duty owed to Plaintiff herein was a direct and proximate cause of Plaintiff's injuries and damages herein.

276.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

277.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR A NINETEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### VIOLATION OF THE NEW YORK STATE CONSTITUTION

278.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "277" with the same force and effect as if set forth at length herein.

279.    As a result of the foregoing unlawful actions, conduct and/or omissions of the Defendants herein, the Defendants, each individually and collectively, all acting in concert with

the other and acting under the color of law, by and through their agents, servants, licensees, officers, police officers and/or employees failed to intervene and/or prevent the aforementioned unlawful conduct inflicted against Plaintiff.

280.    As a result of the foregoing, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees, officers, police officers and/or employees displayed a deliberate indifference to and/or reckless disregard for human life and, in particular, to Plaintiff's human life, safety, health, well being and his right to be free from excessive and unreasonable force, cruel and unusual punishment, assault, battery, misconduct, harassment, false imprisonment, false charges/false prosecution, discrimination, hostile work environment, retaliation and cruel and inhumane treatment.

281.    That the Defendants' unlawful actions, conduct and/or omissions against Plaintiff are in violation of Plaintiff's rights pursuant to Article One, Section Twelve of the New York State Constitution.

282.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

283.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR A TWENTIETH CAUSE OF ACITON AGAINST ALL DEFENDANTS
### PUNITIVE DAMAGES

284.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "283" with the same force and effect as if set forth at length herein.

83

285.  The foregoing unlawful acts/conduct by Defendants, each individually, and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees, officers, police officers and/or employees against Plaintiff were reckless, malicious, intentional, wanton and were committed with deliberate and/or reckless indifference/disregard to/for human life and to Plaintiff's life, safety, health, well being and constitutional rights.

286.  As a direct and proximate result of the foregoing, Plaintiff sustained injuries/damages herein including, but not limited to being: unlawfully and forcibly detained, held, falsely imprisoned, assaulted, battered, struck, hit, choked, falsely charged, falsely prosecuted and modified Plaintiff and the subsequent and consequential reduction in Plaintiff's salary and overtime pay, intentionally acted to cover up the assault committed against Plaintiff by Defendant Rajan, failed to charge/prosecute Defendant Rajan with the assault of Plaintiff, failed to investigate Plaintiff's previous complaints about Defendant Rajan and said Defendant's violence, failed to investigate Defendant Rajan's assault of Plaintiff, retained Defendant Rajan in their employ despite Plaintiff's prior complaints and despite Defendant Rajan's prior violent conduct, assaulted/battered and used excessive force by Defendant Rajan against Plaintiff, retaliated against Plaintiff for exercising his right to complain about the workplace including complaints about Defendant Rajan and said Defendant' prior violence, retaliated against Plaintiff by modifying Plaintiff's duty thereby causing a reduction in salary/pay/overtime, discriminated against Plaintiff, created/maintained/perpetuated a hostile work environment against Plaintiff, unlawfully constructively terminated Plaintiff from his employment thereby unlawfully denying him title/position/rank/salary/pay/overtime/benefits, without justification, and thereby causing him to suffer and sustain personal, physical, psychological and economic damages/injuries as

stated above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, loss in pay, loss in salary, loss in overtime, loss in position/title/pay/benefits, false prosecution/departmental charges, a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm and further economic damages of attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein and otherwise violated the State and Federal Constitutional rights of the Plaintiff, further subjected the Plaintiff to cruel and inhumane treatment/excessive force and otherwise violated the constitutional rights of the Plaintiff herein.

287.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

288.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

289.    That as a direct and proximate result of the foregoing, Plaintiff claims punitive damages herein.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS VIOLATION OF NEW YORK HUMAN RIGHTS LAW

290.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "289" with the same force and effect as if set forth at length herein.

291.    Defendants are an employer within the meaning of the New York Human Rights Law, New York Executive Law Article 15, and New York Executive Law Sections 290-297.

292.    Plaintiff is an employee within the meaning of the New York Human Rights Law, New York Executive Law Article 15 and New York Human rights Law Sections 290-297.

293.    Plaintiff's race, color and/or national origin are protected classes under, pursuant and/or as defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

294.    During the course of Plaintiff's employment with Defendants, Plaintiff engaged in the protected activity, defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297, of registering complaints with Defendants about the hostile work environment/conditions, the discrimination by Defendants against him based upon his race, color and/or national origin, the violence/violent behavior/violence displayed by Defendant Rajan, the retaliation by Defendants against him and the unlawful disparate treatment of him by the Defendants herein.

295.    As set forth above, Defendants unlawfully discriminated against Plaintiff, created and/or fostered a hostile work environment based upon his race, color and/or national origin, unlawfully subjected him to disparate treatment and/or punishment and further unlawfully retaliated against him for engaging in protected activity and, as such, are liable for their intentional and willful violations of the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

296.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and/or damages:

a.    Plaintiff suffered damage to his title, position, promotion, salary, pension and/or retirement benefits.

b.    Plaintiff suffered and is suffering psychological emotional distress.

c.      Plaintiff has suffered actual monetary losses directly resulting from Defendants' violation of New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

d.      Plaintiff is entitled to post-judgment interest on all sums, including attorneys' fees and costs awarded in this action.

e.      Defendants' conduct was an intentional and willful violation of New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

f.      Defendants' conduct was an intentional and willful violation of New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297.

g.      Plaintiff is entitled to an award of liquidated damages within the meaning of New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297.

297.    Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

298.    Plaintiff claims damages herein.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

299.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "298" with the same force and effect as if set forth at length herein.

300.    That, upon information and belief, in September 1999, a Federal lawsuit was commenced by Twenty-Two individuals and the New York City Police Department Latino Officers' Association alleging discriminatory and disparate application of the New York City Police Department's disciplinary rules, procedures and punishments of Latinos, Afro-Americans and other minority police officers by Defendants the City of New York and the New York City Police Department.

301.    Based upon information and belief, the Honorable Judge Lewis A. Kaplan of the United States District Court for the Southern District of New York certified the foregoing lawsuit as a class action which included all African-American and Hispanic Police Officers and certain civilian employees of the New York City Police Department from 1995 forward then employed with the New York City Police Department and those who will be employed by the New York City Police Department as uniformed officers.

302.    Based upon information and belief, that lawsuit alleged that African Americans and Latino Officers were less likely to be acquitted and have their charges dismissed than whites at Departmental Hearings with the New York City Police Department.

303.    Based upon information and belief, that lawsuit alleged that Afro-Americans were Sixty (60) percent more likely and Hispanics were Thirty (30) percent more likely to be found guilty at the New York City Police Department trials than whites.

304.    Based upon information and belief, that lawsuit alleged that in terms of overall dispositions by the New York City Police Department, charges against whites were more often dismissed or resulted in findings of not guilty while Afro-Americans and Latinos were far more often found guilty.

305.    Based upon information and belief, that lawsuit further alleged that when findings of guilt were handed down, Afro-Americans and Hispanics were terminated by the New York City Police Department from said Department with greater frequency than white officers and the white officers received less penalties/punishment.

306.    Based upon information and belief, the Defendants the City of New York and New York City Police Department settled the foregoing lawsuit with the Plaintiffs of that lawsuit in which, the Defendant provided a monetary award to the Plaintiffs of that lawsuit and members of the class and, more significantly, Defendants agreed to an injunctive relief that the Defendants, the City of New York and New York City Police Department would be enjoined from discriminating based upon race, color, national origin, or ethnicity in the future.

307.    Based upon information and belief, on or about December 2003, pursuant to the settlement of the foregoing class action lawsuit, Defendants the City of New York and New York City Police Department entered into a signed stipulation of settlement – a contract- by the terms and conditions of which the Defendants the City of New York and New York City Police Department were obligated to establish a review unit to analyze the New York City Police Department's disciplinary process regarding discrimination and retaliation and whether African American and Latino/Hispanic members of the Police Department are being investigated, charged or penalized in a discriminatory manner, to wit: a "Disciplinary Review Unit".

308.    That based upon information and belief, pursuant to said contract, the signed stipulation of settlement therein, the Defendants were obligated to establish this "Disciplinary Review Unit" to track and analyze whether minority members of the New York City Police Department, like Plaintiff herein, were being treated in a discriminatory manner when being

disciplined as well as the Defendants were to establish an "Advisory Committee" to address employment discrimination and retaliation concerns.

309.    Further, based upon information and belief, pursuant to same contract/stipulation of settlement, the Defendants were to develop a "Know Your Rights" guide to the New York City Police Department discipline system and to enhance existing databases and create new databases and report data thought to be relevant to analyzing whether or not discrimination was continuing on the New York City Police Department discipline system.

310.    That, based upon information and belief, on or about September 17, 2004, the District Court entered a judgment and order approving said stipulation of settlement/contract, and its terms and conditions, in the foregoing class action lawsuit.

311.    Based upon information and belief, the settlement agreement/contract contained specific steps that the City of New York and New York City Police Department would take to establish procedures to prevent discrimination.

312.    This Plaintiff, and other Afro-Americans and Latino/Hispanic Officers similarly situated as this Plaintiff, are members of the Class set forth in the foregoing lawsuit and are members of the Class of police officers that the foregoing settlement agreement/stipulation/contract was designed and entered into to protect.

313.    Plaintiff is a Latino/Hispanic Officer who was employed by the New York City Police Department at or subsequent to the foregoing settlement/contractual agreement and, as such, is a member of that Class that the foregoing lawsuit and settlement agreement/contract was intended to futuristically protect and, as such, Plaintiff is a beneficiary of said contract and/or has standing to seek to have a Court compel the Defendants to abide by all of the terms and conditions of same including, but not limited to, compelling the Defendants to establish a review

unit to analyze the New York City Police Department's disciplinary process regarding discrimination and retaliation and whether African American and Latino/Hispanic members of the Police Department are being disciplined, investigated, charged, prosecuted and/or penalized in a discriminatory manner and to comply with the settlement agreement's specific steps that the City of New York and New York City Police Department should have undertaken to establish procedures to prevent discrimination.

314.    Based upon information and belief, per the terms of the foregoing stipulation/agreement, the Defendants the City of New York and New York City Police Department was obligated to establish an "Employment Practice Unit" which essentially was slated to provide and conduct the same and/or similar function as the "Disciplinary Review Unit."

315.    The Defendants New York City and New York City Police Department breached the contract/stipulation agreement in that the Employment Practice Unit' is wholly ineffective, inadequate and inept and did not and does not have an efficient system in place to track and analyze whether minority members of the New York City Police Department are being treated in a discriminatory manner when disciplined.

316.    The Defendants New York City and New York City Police Department breached the contract/stipulation agreement in that the "Employment Practice Unit" has failed and/or did not track and/or analyze whether minority members of the New York City Police Department are being treated in a discriminatory manner when disciplined and their efforts fell short of the terms and conditions outlined in same stipulation/contract and this Plaintiff, and other Latinos and Afro-American Officers similarly situated, have been adversely affected by Defendants' failure to implement the terms and conditions of the settlement agreement.

317.   Based upon information and belief, per the terms of the foregoing stipulation/agreement, the Defendants the City of New York and New York City Police Department was obligated to establish an "Advisory Committee" to address employment discrimination and retaliation concerns within the New York City Police Department.

318.   The Defendants New York City and New York City Police Department breached the contract/stipulation agreement in that the Defendants failed to establish an "Advisory Committee" to address employment discrimination and retaliation concerns within the New York City Police Department and their efforts fell short of the terms and conditions outlined in same stipulation/contract and this Plaintiff, and other Latinos and Afro-American Officers similarly situated, have been adversely affected by Defendants' failure to implement the terms and conditions of the settlement agreement.

319.   The Defendants New York City and New York City Police Department breached the contract/stipulation agreement in that the Defendants failed to establish a meaningful and/or effective and/or operable "Advisory Committee" to address employment discrimination and retaliation concerns within the New York City Police Department.

320.   That the Defendants, New York City and New York City Police Department have sought and are seeking to terminate Plaintiff's employment based upon Plaintiff's race, national origin, military service, and in retaliation for Plaintiff complaining about the Hostile Work Environment in violation of the aforementioned Agreement/Contract.

321.   That the Defendants breached the foregoing contract/stipulation of settlement therein and, had the Defendants complied with the aforementioned stipulation of settlement/contract and its terms and conditions, had the Defendants established a review unit and advisory committee, in addition to the other terms and conditions outlined in said

stipulation/contract, had the Defendants properly and/or adequately established same and/or had the review unit and advisory committee, if so established, been performing its duties as per the stipulation of settlement/contract to try and prevent the unlawful discrimination and disparate treatment of Latino, African American and/or other minority police officers, than the review unit, the advisory committee and the Defendants would have and should have detected, stopped, prevented and/or remedied the very unlawful discrimination, retaliation, hostile work environment and disparate treatment by Defendants against Plaintiff herein.

322.    That the foregoing stipulation of settlement/contract was designed to, in fact, protect the Plaintiff herein from the Defendants' unlawful treatment, acts, conduct and/or omissions herein in their unlawful, hostile, discriminatory, disparate, intentional, malicious, and/or retaliatory treatment and discrimination against him.

323.    As a result of the Defendants' breach of the foregoing stipulation of settlement/contract, the Plaintiff suffered the very unlawful, hostile, discriminatory, disparate, retaliatory conduct that the Defendants were obligated to establish said procedures to try and prevent and because of the Defendants' breach of same, the Defendants unlawfully continued their course of unlawful, hostile, discriminatory, disparate and retaliatory treatment against Plaintiff.

324.    That the Defendants breached the foregoing stipulation of settlement/contract and, as a direct and proximate result, Plaintiff suffered damages herein including, but not limited to, deprivation of rights, denial of proprietary interest, lost income, denial of earned promotion; denial of title, rank and position, denial of compensatory salary, attorneys' fees and other economic damages as well as mental anguish, pain, humiliation and emotional distress.

325.    That as a direct and proximate result of Defendants' breach of the foregoing contract/stipulation of settlement, Plaintiff claims damages herein.

326.    Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

327.    That Plaintiff claims damages herein.

## DAMAGES

327.    As a direct and proximate result of all of the foregoing acts of the Defendants' Plaintiff sustained and suffered the following:

    (a)    Violation of Plaintiff's rights as secured by Title VII of the Civil Rights Acts of 1964, as amended by the Civil Rights Act of 1991;

    (b)    Violation of Plaintiff's Rights as secured by 42 U.S.C. Section 1981, 1981(a), 1983, 1986, 2000, 2000(e), 2000(e)(3), and 2000(e)-2(a)(1), *et. seq.*;

    (c)    Violation of Plaintiff's Rights as secured by the New York State Human Rights Law, N.Y. Executive Law, Article 15 and Sections 290-297;

    (d)    Violation of the Administrative Code of the City of New York

    (e)    Breach of 2003 Stipulation of Settlement/Contract;

    (f)    Specific Performance by Defendants to comply with 2004 Stipulation of Settlement/Contract;

    (g)    Injunctive relief enjoining Defendants from unlawfully discriminating against Plaintiff and other Latino, African American and/or minority police officers;

(h)    Humiliation, mental pain, anguish, pain and suffering, and emotional distress, (both intentional and negligent);

(i)    Economic damages including loss of income, salary, pay, wages, raises, benefits, pension; attorneys' fees;

(j)    Loss of promotion, title, position, salary, wages, pension and/or retirement benefits;

(k)    Serious physical injuries including a torn and/or broken left shoulder requiring surgery and subsequent medical treatment therefor, injuries/pain to his neck, permanent scars to Plaintiff's left shoulder and arm, and

(l)    Psychological, emotional and economic damages which are direct and/or proximate consequences of the Defendants' actions, that are continuing to date, and, upon information and belief, will continue into the future.

**WHEREFORE,** Plaintiff MARCO TRUJILLO hereby demands judgment against the Defendants herein, jointly and severally, in the amount of ONE HUNDRED TWENTY-FIVE MILLION DOLLARS.

**<u>JURY DEMAND</u>**

328.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**ALL CONDITIONS PRECEDENT HAVE BEEN PERFORMED OR HAVE OCCURRED.**

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated:        Jamaica, New York
              October 23, 2014

                                    Yours, etc.

                                    JOANN SQUILLACE (JS 4217)
                                    Drummond & Squillace, PLLC
                                    Attorneys for Plaintiff
                                    MARCO TRUJILLO
                                    175-61 Hillside Avenue, Suite 205
                                    Jamaica, New York 11432
                                    (718) 298-5050

## ATTORNEY'S VERIFICATION

JOANN SQUILLACE, an attorney duly admitted to practice before the Courts of the State of New York and before the Eastern and Southern Districts of New York of the United States District Court, affirms the following to be true under the penalties of perjury:

1.      I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiff Marco Trujillo.  I have read the annexed **SUMMONS IN A CIVIL ACTION AND COMPLAINT** and **JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files and discussions with Plaintiff.

2.      This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:      Jamaica, New York
             October 23, 2014

JOANN SQUILLACE

97